## Geo. McKay & Co. *v.* Owen McKenna, Appellant.

*Affidavit of defense—Contract—Failure to deliver goods—Practice, C. P.*

In an action to recover the price of bricks alleged to have been sold and delivered to defendant between November 5 and November 12, 1894, defendant's affidavit of defense averred that plaintiffs failed to comply

with their contract, to ship bricks to him on or before the 9th, by reason of which he was compelled to purchase bricks elsewhere; and the affidavit then continues, "subsequently to the 9th of November, 1894, it transpired that certain bricks which ought to have been shipped to me were shipped to the said siding in the name of McKay & Co., but not in my name, and I was not able to obtain the same until about November 28th, when I removed the same from the siding because of a notice that they were held at my risk, being my intention to save the cost of demurrage." As to the sale on November 12, defendant averred that he received no notice of the arrival of the bricks, and as far as he knew they had not been delivered to him in his name. *Held,* (1) that the affidavit was insufficient to prevent judgment; (2) that if time was of the essence of the contract, he could not avail himself of this ground of defense after he had removed the bricks to his own yard.

Argued Jan. 15, 1896. Appeal, No. 143, July T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1895, No. 279, for want of a sufficient affidavit of defense. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Plaintiffs in their statement claimed to recover $806.13 on the following account:

Owen McKenna,

    To George McKay and Co., *Dr.*

| 1894. | | | |
|---|---|---|---:|
| Nov. 5. | 11600 Vit. Repressed B. E. Brick, at yard . . . | | $208.80 |
| 6. | 4000 " " " " " " " . . . . | | 72.00 |
| | (Car P. R. R. 10298.) | | |
| 8. | 16500 Vit. Repressed B. E. Brick, at yard . . . | | 297.00 |
| | (Car P. C. C. & St. L. 1616; car P. R. R. | | |
| | 30142.) | | |
| 9. | 16500 Vit. Repressed B. E. Brick, at yard . . . . | | 297.00 |
| | (Car P. R. R. 11824.) | | |
| 12. | 7000 Vit. Repressed B. E. Brick, at yard . . . | | 126.00 |
| | (Car P. R. R. 29033.) | | |
| | | | 1000.80 |
| Dec. 14. | By frts cars 10298, 1616, 30142, 11824, | | 194.67 |
| | | | $806.13 |

Defendant filed an affidavit of defense which was as follows:

In the fall of 1894 I contracted to pave Euclid Avenue between Thirtieth and Thirty-first streets and Thirtieth-and-a-

half street between Berks and Norris streets, in the city of Philadelphia, with vitrified repressed beveled-edge bricks. I ordered from the plaintiffs the bricks mentioned in the statement of claim filed, which said bricks the said plaintiffs agreed to deliver to me on or before the 9th day of November, 1894, at a siding of the Pennsylvania Railroad Company at Engleside, Phila., excepting the brick, charged under dates of November 5th and 6th amounting to $280.80, which were delivered to me at the plaintiffs' yard and used by me in paving the aforesaid Thirtieth-and-a-half street, and for which I sent to the plaintiffs, on February 5, 1895, a check for $280.80, being in full for the same, which the said plaintiffs returned to me inasmuch as I had failed to add interest on the same, which was not the usual manner in which I had done business with them theretofore. The plaintiffs failed to comply with the terms of the aforesaid agreement with me, in that no bricks were shipped to me at the siding of the Pennsylvania Railroad Company at Engleside on or before the 9th day of November, 1894, whereby and by reason whereof I was obliged to purchase the necessary bricks from other parties to complete the paving of the aforesaid streets. Subsequently, to the 9th day of November, 1894, it transpired that certain bricks which ought to have been shipped to me were shipped to the said siding in the name of McKay & Company, but not in my name, and I was not able to obtain the same until about the 28th day of November, 1894, when I removed the same from the said siding because of a notice that they were held there at my risk, being my intention to save the cost of demurrage, and I immediately notified the plaintiffs that I held the bricks subject to their order, and they are now in my yard subject to the order and disposal of the said plaintiffs. I never received any notice of the arrival of the bricks charged under date of November 12 in the said statement of claim amounting to $126, nor have the said bricks ever been delivered to me so far as I know, at the said siding at Engleside, in my name, and by the very date of the charge itself, I am not liable to pay for the same because they were not delivered according to the agreement of the said plaintiffs at the said siding on or before the 9th day of November, 1894, all of which facts are true, and I am ready to prove the same upon the trial of the said cause.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Wm. W. Porter, Fred J. Geiger* with him, for appellant.—
Where time is not made the essence of the contract by express stipulation, it may, nevertheless, be held to have been intended from the nature of the contract: Clark on Contracts, 578; Pollock on Contracts, 488; Jones v. United States, 96 U. S. 24; Norrington v. Wright, 115 U. S. 188; Camden Iron Works v. Fox, 34 Fed. 200; Tiernan v. Rowland, 15 Pa. 429; Lester v. McDonald, 18 Pa. 91: Cleveland v. Sterrett, 70 Pa. 204.

There was no legal delivery of the bricks. A consignment to McKay & Co. would not be a delivery to the defendant unless the bill of lading was sent in order to enable the latter to obtain the bricks from the railroad company.

*Samuel K. Louchheim* and *John J. Wilkinson,* for appellees.—
By acceptance the contract was complete and the title vested: Stephens v. Wilkinson, 2 B. & Ad. 320; Bach v. Tuch, 126 N. Y. 53; Flagg v. Dryden, 7 Pick. 52; Hunt v. Silk, 5 East, 449; Turnpike Co. v. Com., 2 Watts. 433.

Where time is of the essence of the contract, strict performance, according to the terms of the agreement, may be waived by a course of conduct inconsistent with an intention of insisting upon such performance: Webb v. Hughes, L. R. 10 Eq. 281; Hipwell v. Knight, 1 Y. & C. 401.

OPINION BY MR. JUSTICE FELL, February 17, 1896:

The plaintiff's claim is for bricks sold and delivered to the defendant between November 5 and November 12, 1894. It is stated in the affidavit of defense that the bricks purchased after November 6 were to have been delivered at a siding at Engleside station on or before November 9; but there is no distinct averment, except as to the last item of charge, of a breach of the agreement to deliver at the siding within the time named. It is said in the affidavit that the bricks sold on the 8th and 9th of November were not shipped to the defendant on or before the 9th, and that "subsequent to the 9th of November, 1894, it transpired that certain bricks which ought to have

been shipped to me were shipped to the said siding in the name of McKay & Co., but not in my name, and I was not able to obtain the same until about November 28, when I removed the same from the siding because of a notice that they were held at my risk, being my intention to save the cost of demurrage," etc. As to the sale on November 12 the defendant says he received no notice of the arrival of the bricks, and that as far as he knows they have not been delivered to him in his name.

The defense attempted to be set up is evidently based upon the fact that the bricks were shipped in the name of the consignor. It does not appear that there was anything unusual or irregular in this, or that the defendant was injured by reason thereof. If the shipment was made with notice to the carrier to deliver to the defendant, or with notice to him and evidence of title, he could have procured them as readily as if they had been consigned to him. No reason is given why he was unable to obtain them until the 28th. The defendant cautiously avoids saying that the shipment under date of November 12 was not delivered, and rests with the statement that he received no notice of the arrival of the bricks, and that as far as he knows they were not delivered in his name. In the preparation of the affidavit skillful use seems to have been made of the facts to which the defendant was able to swear, but it does not squarely meet the plaintiffs' claim. Its guarded averments suggest a ground of defense, but the inferences to be drawn from them are quite as favorable to the plaintiffs as to the defendant. The plaintiffs were entitled to a distinct denial of the grounds of liability which appear in their statement of claim, and in case of doubt the construction should be against the party making the affidavit.

If time was of the essence of the contract between the parties, and the defendant was not bound to accept bricks not delivered within the time specified, he cannot now avail himself of that ground of defense. He removed the bricks delivered after time from the cars to his own yard. If they were not shipped in his name he was not liable for demurrage, and was under no duty or constraint in respect of them. If his allegation is true, the time to rescind the contract for this breach was before he had hauled the bricks to his own yard and thus placed the plaintiffs in a different position.

The judgment is affirmed.