## Charles M. N. Killen *v.* William R. Brown, Appellant.

*Practice, C. P.—Affidavit of defense—Sufficiency—Essentials.*

An affidavit of defense should state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense, and to what extent they amount to a defense and also to inform the plaintiff, with some degree of certainty, what will be interposed to defeat his claim.

Argued October 21, 1897. Appeal, No. 2, October T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 96, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The affidavit of defense was as follows:

"William R. Brown, being duly sworn according to law, deposes and says that he is the defendant named in the above case, and that he has a just, true, full and legal defense to the whole of the plaintiff's claim of the following nature and character, to wit:

"That it is true that the defendant employed the plaintiff to perform certain paper hanging in the defendant's premises, named in the plaintiff's statement of claim, and on the terms and conditions therein set forth, but that the said work was done in an unworkmanlike manner, and that the material furnished was of an inferior quality, and not in accordance with his contract with the plaintiff therefor, and that soon after said work was done, said paper faded and became loosened from the wall. By reason of which the defendant has suffered damages in an amount at least equal to the sum claimed by the plaintiff."

The court made absolute the rule for judgment and damages were assessed for $320.58. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*J. H. Brinton*, for appellant.—If the averments of the affidavit contain what in law or equity amounts to a substantial defense to the plaintiff's claim, it follows that the learned court erred

in entering judgment: Church v. Jones, 132 Pa. 462; Johnson v. Fitzpatrick, 27 W. N. C. 250.

*Frank P. Prichard*, with him *Thomas S. Gates*, for appellee. —The vague and evasive averments of the affidavit are insufficient to carry the case to a jury. A reference to three cases is ample to justify this seemingly obvious contention: Server v. Heppe, 11 Montg. 171, Bank v. Miller, 179 Pa. 412 and Bonneville v. Hamilton, 18 C. C. Rep. 31.

PER CURIAM, November 19, 1897:

This action was brought to recover a balance alleged to be due for papering five houses. The affidavit of defense alleges "that the said work was done in an unworkmanlike manner," without specifying how, or in what respect it was unworkmanlike; "that the material furnished was of an inferior quality, and not in accordance with his contract," without alleging that the plaintiff contracted to furnish paper of superior quality or setting forth what the contract was; and "that soon after said work was done, said paper faded and became loosened from the wall," without alleging that this was in consequence of the plaintiff's unskillful workmanship or of his failure to use such materials as he was bound by his contract to use.

Upon these allegations the defendant bases another, namely, that he has "suffered damages in an amount equal at least to the sum claimed by the plaintiff" without specifying, otherwise than as we have stated, how he was damaged. We are of opinion that the affidavit was wholly insufficient to prevent judgment. If the paper faded and loosened from the walls in consequence of the plaintiff's unskillful workmanship, or of his use of improper materials, this fact might, and should, have been distinctly averred and not left to mere inference: Peck v. Jones, 70 Pa. 83. The first two averments are not sufficiently specific. We repeat in this connection what we said in Port Kennedy Slag Works v. Krause, 5 Pa. Superior Ct. 622 and what has been said in many earlier decisions of this court and of the Supreme Court: "An affidavit of defense should state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense, and to what extent they amount to a defense, and also to inform the plaintiff with some degree of certainty what will be interposed to defeat his claim."

Judgment affirmed.