# Gausler *v.* Bridges.

*Vendor and vendee—Sale of goods—Delay in delivery.*

A purchaser cannot receive, use and sell the goods of another, and then absolutely rescind the contract upon the ground that the vendor did not deliver the goods upon the very day that the contract called for, keeping both the goods and the money which he had agreed to pay for them.

*Delay in delivery—Practice, C. P.—Affidavit of defense.*

An averment in an affidavit of defense that the delivery of goods had been delayed, and that, as a consequence, the defendants have been damaged, is insufficient, even although it may assert that the defendants estimate their damage at a sum stated. The affidavit must set forth with reasonable certainty all the facts which constitute a basis for such assessment.

*Practice, C. P.—Affidavit of defense—Allegation of overcharge.*

Where a statement contains several distinct items of claim with a defi-

nite averment of the amount due upon each, an affidavit is insufficient which simply asserts that, upon the items taken in the aggregate, there is an overcharge, without stating the amount of the overcharge upon each claim or definitely setting forth the facts which constitute the defense as to each item.

Argued March 13, 1900. Appeal, No. 6, March T., 1900, by defendants, in a suit of Gausler & Starr Company against Bridges & Williams, from judgment of C. P. Cumberland Co., Sept. T., 1899, No. 15, in favor of plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J. BEAVER, J., dissents.

Assumpsit.  Before E. W. BIDDLE, P. J.

The facts sufficiently appear in the opinion of the court.

The court below entered judgment for want of a sufficient affidavit of defense in favor of plaintiff for $215.95. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*R. W. Woods,* for appellant.—The effect of fraud is to destroy a contract, come in what shape it may: Light v. Stoever, 12 S. & R. 431; Williams v. Kerr, 152 Pa. 560; Boyd v. Shiffer, 156 Pa. 100.

In Smith, Kline & French v. Smith, 166 Pa. 563, this identical question was raised in adverse order.

*F. H. Hoffer,* for appellee.—In general, a mere averment of overcharge by plaintiff, without specifying the items on which it is made, or its extent, is insufficient as a set-off: Griel v. Buckius, 114 Pa. 187; Newell v. Richardson, 19 W. N. C. 174; Jenkinson v. Hilands, 146 Pa. 380.

An affidavit of defense in an action for goods sold, alleging that the goods were not delivered in time, is insufficient where there is no averment of warrantry as to time, and the goods have been received and used: Blakeslee v. Hilton, 5 Pa. Superior Ct. 184.

OPINION BY W. D. PORTER, J., May 24, 1900:

The plaintiffs, in their statement and affidavit of claim, allege

a sale and delivery to the defendants, on August 22, 1898, of goods and merchandise amounting to $214.66. The copy of the account annexed to and made part of the statement is itemized, and sets forth the price of each specific item. The affidavit of defense does not deny that the defendants had entered into a contract to purchase these goods at the prices stated, nor does it assert that the goods furnished were not of the quality contracted for. In the original affidavit of defense the only excuse offered for not paying for the goods was that the president of the plaintiff company, who made the sale, had represented that the prices were the same as those allowed to other jobbers, and that the blankets would be shipped to defendants not later than September 1, 1898; that said representations were the inducing cause which led defendants to order the goods; that defendants have since discovered that the prices quoted on behalf of plaintiffs were not the prices given by plaintiffs to jobbers for the same kind of blankets by said company, and that said blankets were not shipped as agreed upon by September 1, 1898. "That defendants, finding that said blankets did not reach them as promised, and owing to the lateness of the season, wrote to plaintiff company countermanding their order. That, after they had written to said plaintiffs countermanding the order, the goods arrived, with the exception of one dyed black goat robe, plush lining, quoted at $5.50. That the prices at which the goods were charged were from fifteen per cent to twenty per cent higher than the prices charged for other goods of the same kind sold by plaintiff company to other jobbers. That, through the failure of said plaintiff to ship the goods at the prices originally agreed upon and at the time agreed upon, the defendants were unable to dispose of the same. That said order was procured by means of a false and fraudulent representation of said plaintiff company, which was the sole inducing cause which led deponent to purchase said goods."

A supplemental affidavit was filed, in which the receipt of a robe charged at $5.50 was specifically denied, and said affidavit contained further averments, viz:

"That the amount charged in said bill over and above the prices quoted to defendant by the president of the plaintiff company amounts to $31.37. That said goods were not received by defendant until after the order for same had been counter-

manded. That, by the failure to ship the goods in the time originally agreed upon, the defendants have been damaged to the extent of, at least, $30.00. That, owing to the failure of the plaintiff company to ship said goods at the prices originally agreed upon, and at the time agreed upon, the defendants have been unable to dispose of the same, and the greater part of them are still on hand."

From the averments of these affidavits, it appears that the defendants rely upon two grounds of complaint: First, the alleged delay in the shipment of the goods by the plaintiffs; second, that the prices charged for the various articles contained in the account were higher than they ought to have been. Considerable stress has been laid by the defendants upon their allegation that they had countermanded the order before the goods were actually received, but that allegation amounts to nothing, for the reason that they admit that they received and retained all of the goods and have sold a part of them. A purchaser cannot receive, use and sell the goods of another, and then absolutely rescind the contract upon the ground that the vendor did not deliver the goods upon the very day that the contract called for, keeping both the goods and the money which he had agreed to pay for them. Neither of these affidavits of defense states when the goods were received, nor for what period of time the delay in the delivery was continued. They do not state any facts showing in what manner the defendants were damaged by the delay; there is no allegation that the goods were of such a character as not to be procured readily at any time in the market. It is not suggested that the defendants were compelled to buy elsewhere at a higher price, nor that the goods had declined in price, and that the defendants could have bought them for less money at the time they were actually delivered. An averment in an affidavit of defense that the delivery of goods has been delayed, and that, as a consequence, the defendants have been damaged, is insufficient, even although it may assert that the defendants estimate their damage at a sum stated. The affidavit must set forth with reasonable certainty all the facts which constitute a basis for such assessment. The affidavits in this case are wholly insufficient to sustain a defense upon the ground of delay: McKay & Co. v. Mc-

Kenna, 173 Pa. 581; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Weed & Co. v. Weinberger, 12 Pa. Superior Ct. 12.

The allegations of the affidavits of defense as to overcharges for the goods which they are asked to pay for are equally without merit. The defendants were required to answer an affidavit of claim which called upon them to show what defense they had as to each one of twenty-seven separate and distinct items, and they replied by asserting " that the amount charged on said bill, over and above the prices quoted to your deponent by the president of the plaintiff company, amounted to $31.37." If they were thus able to figure down to the exact cent the amount of overcharge on the entire bill, they must have known the amount of the overcharge on each specific item, and they were called upon to state the amount of overcharge on each item. If the agreement was that they were to have a certain discount upon the whole bill, that fact ought to have been stated, but there is nothing in the affidavits of defense which amounts to an assertion of anything of that kind. The assertion that the plaintiffs represented that these prices were the same as those which they charged other jobbers, and that defendants had discovered that this was untrue, and that plaintiffs had sold at less prices to other jobbers, is defective in that it does not set forth the conditions under which the other sales were made, or that they were the same as those which accompanied this sale. The acts of assembly and rules of court which authorize the entry of judgments for want of a sufficient affidavit of defense are intended to promote certainty and reasonable promptness in the administration of justice. Where a statement contains several distinct items of claim with a definite averment of the amount due upon each, an affidavit is insufficient which simply asserts that, upon the items taken in the aggregate, there is an overcharge, without stating the amount of the overcharge upon each claim, or definitely setting forth the facts which constitute the defense as to each item: Griel v. Buckius, 114 Pa. 187; Killen v. Brown, 6 Pa. Superior Ct. 15; Jenkinson v. Hilands, 146 Pa. 380.

The learned court below entered judgment for the amount of the plaintiffs' claim, after deducting therefrom the price of

the robe which defendants deny that they had received, and in this there was no error.

Judgment affirmed.

BEAVER, J., dissents as to the item $31.37, alleged to have been overcharged.