# Williams v. Wenger, Appellant.

*Contract—Entire and severable contract—Time of delivery—Sale— Retention of part of goods—Custom.*

1. Where a lot of goods are ordered at one time, to be delivered at the same time, and the price for the lot is fixed at a lump sum, although the order gives the price of each kind, the purchaser cannot elect to retain some of the goods, and return the remainder, because of a failure to deliver the goods in the time specified in the contract.

2. In such a case where the defendant sets up a custom permitting some of the goods to be retained under the circumstances described, it is not error for the court in its charge to say: "You have heard the explanation given in this deposition why such a thing could not be reasonable, inasmuch as some of the articles are thrown in in order to make a sale, and some of the articles may be of great value at a particular time of the month and cannot be of value at other times. Therefore, you must pass upon that whether there was such a custom in the trade."

Argued Oct. 12, 1911. Appeal, No. 142, Oct. T., 1911, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 202, on verdict for plaintiff in case of George Charles Williams, Leon A. Engle and August Stolle, trading as Wallerstein & Company, v. Morris Wenger. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

CARR, J., charged as follows:

In this case there was a claim made of $85.90. Upon that there was an allowance made for articles and goods which the defendant kept of $27.63, leaving a balance of $58.16. And again there was a further item of $3.88, for which the defendant admits liability. Therefore, the claim before you is whether $51.28 is due. The claim arises, as you have heard, in this way, that Wallerstein is a manufacturer, living in France, and he has an agent here

in New York for the sale of these goods, which are known as ladies' dress trimmings, and this particular order, which was given in the early part of January, 1907, was for braids, laces, galloons and ornaments. The defendant tells you that the agreement was made that they should be delivered between February 1 and February 10, 1907. He also tells you why he made that stipulation with the seller of the articles, and it was because he was getting ready for the southern trade, and that these were goods of light texture, either linens or some light cloths or light material used in ladies' dresses, and he wanted them for that period of time. Therefore, time became what is known in law as the essence of the contract, namely, that it was a material factor and stipulation in the performance of that order that it should be delivered in this time. The time came of February 10 and they were not received by the defendant. Then he went out in the common market and bought other things to take their place. They were, however, received upon February 14 of that year, having been shipped from New York on February 13. Therefore, the question arises as to what in law he had the right to do. [Under these circumstances the rule of law is that he cannot take out some of them and return others, but that he must, if the agreement has been broken and the time limit has been passed, and he has not received the goods, he must return the whole of them. Instead of doing that he only returned some of them.] [1] Therefore, the question is whether he should be held for the balance due on these items which he returned. [Now, the principle of law is, as I say, that he must return all of them or none at all.] [4] He attempts an answer to that by saying that there is a custom in the trade in these articles which gives him the right to take out some that he wanted to take out, and return the others. Of course, if you believe that story, according to his testimony that there is such a custom in the trade, that would relieve him from the obligation of taking the entire amount. On the other hand, you have the deposition brought before you on behalf of the plain-

tiff here, that there is no such custom in the trade. Now, in order that there may be a custom in the trade binding between these parties there are three or four elements which must be considered and must be found by the jury in order that you may find that there is a custom of trade. One is that it is arbitrary, that it is fixed, that it does not exist between individual parties but that it is general, universal, and it must be reasonable. Now, therefore, turn your attention as to whether or not this custom of the trade, as alleged by the defendant, is reasonable. [You have heard the explanation given in this deposition why such a thing could not be reasonable, inasmuch as some of the articles are thrown in in order to make a sale, and some articles may be of great value at a particular time of the month and cannot be of value at other times.] [2] Therefore, you must pass upon that whether there was such a custom in the trade. If you find that there was that custom, that would relieve the defendant from paying this sum. On the other hand, if you believe there is no such custom, then the plaintiff would be entitled to your verdict.

Verdict and judgment for plaintiff for $64.37. Defendant appealed.

*Errors assigned* were (1, 2, 4) above instructions, quoting them.

*W. Horace Hepburn, Jr.*, for appellant.—It is respectfully submitted that where there is a contract for several individual articles with a separate individual price, having no connection whatsoever with each other, that the contract is separable and capable of division by the parties themselves: Spring v. Woolen Mills, 106 Ill. App. 579; Tipton v. Feitner, 20 N. Y. 423; Rugg v. Moore, 110 Pa. 236; Young & Conant Mfg. Co. v. Wakefield, 121 Mass. 91; Barlow Mfg. Co. v. Stone, 200 Mass. 158 (86 N. E. Repr. 306); Johnson v. Johnson, 3 B. & P. 162; Lucesco Oil Co. v. Brewer, 66 Pa. 351; Pierson v. Crooks, 42 Hun,

571; Wooten v. Walters, 110 N. C. 251 (14 S. E. Repr. 734, 736).

*Robert P. Shick,* for appellees.—If the time of delivery is made of the essence of the contract and delivery is not made within the time specified the purchaser must accept the goods, waiving the condition, or else reject the goods and promptly return them as a whole.   He cannot accept part and reject the balance: McKay v. McKenna, 173 Pa. 581; Gausler v. Bridges, 13 Pa. Superior Ct. 646.

OPINION BY HENDERSON, J., March 1, 1912:

The jury found against the defendant on the question of the existence of a custom relating to the retention and return of merchandise sold by manufacturers or jobbers to customers, and conceding that the evidence was sufficient if credited to establish a custom that part of the controversy is disposed of.   The only remaining question is as to the right of the defendant on the contract for the purchase of the goods, where time is of the essence of the contract, to receive and examine the consignment and select and retain such portions as suited his interest and return the remainder to the consignor because the shipment was not made within the time limited in the agreement.   The goods were ordered at one time; were all trimmings for ladies' dresses and were to be delivered at the same time.   The price for the lot was $85.80 and in the order given the price of each kind was set forth.   The portion which the defendant wished to keep he retained; the balance he reshipped to the plaintiffs.   Where the objection to the receipt of the goods went to the whole shipment because of the failure to deliver in time, the defendant should have refused to accept the whole consignment. It was not a case of a breach of warranty as to part, as in the delivery of a variety of merchandise on an express or implied warranty as to quality where the warranty failed as to part.   Here the breach alleged went to the whole transaction, and under the authority of McKay &

Co. v. McKenna, 173 Pa. 581, and Gausler v. Bridges, 13 Pa. Superior Ct. 646, the instruction of the court to the jury set forth in the first assignment was correct. The part of the charge contained in the second assignment is free from error. The defendant set up the defense of a custom in the trade which permitted him to retain a part and return a part of the goods ordered. The existence of such custom was denied by the plaintiff and the testimony of a witness on the subject stated facts tending to show the unreasonableness of such a custom. The court had reference to that testimony and there was no impropriety in calling the attention of the jury to the plaintiff's view of the matter after the defendant's position had been stated. No point nor assignment of error raised the question of the duty of the plaintiff to retender the goods to the defendant nor of the measure of damages. The case was evidently defended in the court below on the theory that as a matter of law the defendant had a right to retain a part of the shipment and return a part and that by a custom prevailing in the trade he was permitted to do the same thing. If instructions as to the true measure of damages had been desired it was the duty of the defendant to call the attention of the court to his position on that subject. As the case was tried the plaintiff was entitled to recover the amount of his bill or he was not entitled to anything.

The judgment is affirmed.