# Kapailo Manufacturing Company *v.* Fay, Appellant.

*Contract — Building contract — Subcontractor — Delay — Affidavit of defense.*

1. In an action by a subcontractor against the contractors for a municipal building to recover a balance alleged to be due for materials and work, an affidavit of defense is insufficient which sets up as a defense a delay in the completion of the work without any showing that the work was to be completed at a specified date, or that the delay was an unreasonable one.

2. In such a case an averment in the affidavit of defense that the defendants were "penalized" under their contract with the city by reason of the plaintiff's delay, is insufficient where no averment is made as to the time when, or the manner in which the defendants were penalized, nor whether the action of the city was solely because of the failure of the plaintiff to complete the work on a date mentioned by the defendant; nor is an averment sufficient which states that the work was not commenced within two weeks after the date of the contract where there is no averment that the failure to begin at the time stated produced unnecessary or unreasonable delay in the completion of the work.

3. Where a subcontractor fails to begin work at the time specified in the contract, the contractor is not obliged to accept the performance thereafter, but if he does so he waives his right to object to the delay.

Argued Oct. 10, 1913. Appeal, No. 48, Oct. T., 1913, by defendants, from order of C. P. No. 3, Phila. Co., Sept. T., 1912, No. 671, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kapailo Manufacturing Company v. Edward C. Fay, Ellen M. Fay et al., individually and trading as Edward Fay & Son. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit for material and labor furnished.

The averments of the affidavit of defense are sufficiently set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. E. Blackburn,* with him *Julius C. Levi,* for appellant.—The case was one for a jury: Miller v. Phillips, 31 Pa. 218; Morgan v. Love, 173 Pa. 444; Focht v. Rosenbaum, 176 Pa. 14; Lauman v. Young, 31 Pa. 306; Muskegon Curtain-Roll Co. v. Mfg. Co., 135 Pa. 132; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; Schleicher v. United Security Life Ins. & Trust Co., 191 Pa. 477; Wright v. Gas Co., 2 Pa. Superior Ct. 219; Ephrata Water Co. v. Ephrata Borough, 20 Pa. Superior Ct. 149.

*Edgar S. McKaig,* for appellee, cited: Biernbaum v. Foster, 48 Pa. Superior Ct. 599; Gausler v. Bridges, 13 Pa. Superior Ct. 646; McKay v. McKenna, 173 Pa. 581.

OPINION BY HENDERSON, J., February 20, 1914:

The defendants were contractors with the city of Philadelphia for the erection of a recreation building. The plaintiff was a subcontractor under an agreement in writing with the defendants dated June 3, 1912, to provide "all the materials and perform all the work for the completion of all interior Kapailo work in the lobby, two club rooms and auditorium of the Recreation Building." The work was to be done under the direction of the defendants' architect and to be subject to his approval. Having completed the contract and the work having been accepted by the architect the plaintiff demanded the amount due but payment was refused on the ground that there was a delay in the execution of the work as a result of which the defendants were "penalized" under their contract with the city. The defendants' allegation is that the work was to have been completed by the fifteenth of July, 1912, the averment on that subject being as follows: "the defendants further aver that the original intention of the contract was that all of the work should be completed on July 15th, 1912, and that by reason of its having delayed the completion thereof until September 16, 1912, the de-

fendants have been penalized by the city of Philadelphia under the liquidated damages clause in the general contract between the defendants and the city of Philadelphia." The amount of the penalty said to have been imposed for the alleged default of the plaintiff is $5.00 per day for sixty-three days and this sum of $315 the defendants set off against the plaintiff's claim. It is further alleged that performance under the contract was to have been commenced in two weeks from the date thereof but that the plaintiff failed to keep this clause of the contract, the first shipment of material not having been made until July 2, 1912. Of the allegation that the work was not commenced within two weeks after the date of the contract it may be said that if time was of the essence of the contract the defendants were not bound to accept performance at the time they say the work was commenced but if with a knowledge of this delay they accepted the material and labor tendered, their right to object on that account has been waived: McKay & Co. v. McKenna, 173 Pa. 581. Moreover, it does not appear from the affidavit of defense nor are we at liberty to assume that the failure to begin at the time stated in the affidavit produced unnecessary or unreasonable delay in the completion of the work.

The assumption in the affidavit of defense that the work was to have been completed on July 15 is not supported by the contract attached to the statement of claim. No date was therein fixed at which the plaintiff was bound to have its work completed. The ninth article of the contract provides that the contractor shall pay the subcontractor "Eighty per cent (80%) of value of all materials set in place at building on July 15, 1912. Balance to be paid thirty days (30) after the completion of all work and its acceptance by the Architect." It may be as set forth in the affidavit that it was the intention that the work should be completed on July 15 but the terms of the contract above recited are not open to that construction. The evident implication of the

quoted clause is that something would remain to be done after July 15 and that final payment was to be made thirty days after the completion of all the work. There is no suggestion that there was any parol agreement varying the terms of the contract and the case must stand therefore on the language adopted by the parties. It is evident that there was no date fixed at which the work should be completed. The obligation of the plaintiff was to finish the work within a reasonable time, but it is not alleged in the affidavit of defense that the time consumed by the plaintiff was unreasonable. It was contracted between the parties that if the subcontractor delayed the progress of the work so as to cause loss for which the contractor should become liable the latter was to be reimbursed for such loss and this provision the appellant contends aids the defendants in the construction of the contract relating to the time of performance. The provisions of this paragraph are to be read in connection with the remainder of the contract, however, and unless it be made to appear that there was an unreasonable delay on the part of the plaintiff no liability would arise to reimburse the defendants. It is specifically set forth in the statement of claim that the plaintiff proceeded with promptness and a sufficient equipment of men and supply of material to complete the work and that it was completed on September 4, 1912, and the work was thereafter accepted by the architect. It is alleged in the affidavit that the work was not completed until September 16, but it is not claimed that this was an unreasonable time or that the work was not prosecuted with reasonable diligence after it was commenced.

We do not regard the statement of the set-off as sufficient under the well-established rule as to distinctness and clearness. It is uncertain whether the allegation that the defendants were "penalized" by the city because of the default of the plaintiff in not completing the work on July 15, 1912, is the statement of an in-

ference or the averment of a fact. No information is given as to the time when, or the manner in which, the defendants were penalized, nor whether the action of the city was solely because of the failure of the plaintiff to complete the work on July 15. The affidavit should have contained a statement of the circumstances and extent of the penalization referred to in order that it might be ascertained whether the defendants' default was the occasion of it. The whole set-off is based on the position taken by the defendants that the contract called for completion on July 15 and as there was no such limitation in the contract even if the set-off were sufficiently stated it would lack the support of an obligation on the part of the plaintiff to complete the work at the date claimed. We are not convinced that the court was in error in making absolute the rule.

The judgment is affirmed.