## Anderson, Wotton & Godfrey, Appellants, *v.* Henry B. Williams.

*Practice, C. P.—Sufficiency of affidavit alleging set-off.*

A claim of set-off in an affidavit of defense must be alleged with exactness not only as to source and character but also as to amount, when the facts are within the defendant's knowledge.

Argued Dec. 13, 1898. Appeal, No. 118, Oct. T., 1898, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No. 899, for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Assumpsit. Before the court in banc.

It appears from the record that action was brought on a bill of exchange at sight accepted by defendant for $838 for certain oranges shipped by the plaintiff from California to the defendant in Philadelphia. Defendant filed an affidavit and supplemental affidavit of defense which alleged that the oranges which he had received, accepted and sold were not "fancy oranges" as ordered by defendant and sold to the defendant at the price of fancy oranges and that as a result he suffered a loss of fifty cents a box amounting to $336 on the entire lot. Defendant admitted in his affidavit of defense that a few of the boxes were in effect fancy oranges but alleged that these good boxes were so arranged about the door of the car that they would be first examined and that the balance of the carload was green, unripe oranges and not fancy oranges and unfit for immediate sale as such. A receipt was filed on account of principal debt and interest in the sum of $513.97.

The court below refused judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was refusal of judgment for want of a sufficient affidavit of defense.

*Henry N. Smaltz,* with him *Charles C. Lister,* for appellants. —The liquidation of defendant's damages in a claim of set-off may be approximated only where the circumstances of the case forbid an accurate calculation: Bridge Co. v. Bonta, 180 Pa. 448; Close v. Hancock, 3 Pa. Superior Ct. 207; Gould v. Gage, 118 Pa. 559.

The language of the court in Slag Works v. Krause, 5 Pa. Superior Ct. 622, is entirely applicable to the case at bar.

The appellants are entitled to judgment, because (*a*) the affidavits do not state the market value of "fancy" fruit at the time of the alleged breach, nor the time and place of the auction sale; (*b*) the affidavits do not aver what the defendant received at the auction sale of the fruit, nor how many boxes were good and how many were bad; (*c*) it is not possible under the affidavits to liquidate the damages claimed to be set off.

*Geo. P. Rich,* with him *H. C. Boyer,* for appellee.—That the defendant has the right claimed, is clear under the later authorities, whatever conflict there may appear to be among the earlier cases.

A contract to deliver goods of a defined quality is as capable of enforcement as any other contract: Mining Co. v. Jones, 108 Pa. 55, explaining Wetherill v. Neilson, 20 Pa. 448.

A sale of corn not open to inspection, "provided it is good, salable corn," constitutes a warranty of its quality, and on failure to deliver corn of that character, plaintiff may recover his damages without a tender of redelivery: Holloway v. Jacoby, 120 Pa. 583; Borrekins v. Bevan, 3 Rawle, 23.

OPINION BY WILLIAM W. PORTER, J., May 18, 1899:

The defendant in the case had two opportunities to present a defense by affidavit. Neither the original alone nor as supplemented by the second, sets forth facts which should have prevented the entry of judgment. Independent of the question whether there was a warranty and a breach, the defendant admits that a "few" of the boxes contained oranges "in accordance with the contract." He wholly neglects to indicate more ex-

plicitly how many. The word "few" is a relative term and of great elasticity of meaning. The defense is set-off. The amount thereof is fixed by calculation of a loss alleged to be fifty cents per box. The set-off must be diminished to the extent of the number of boxes designated as a "few." The circumstances set out and the form of the defendant's allegation indicate that he could have made an accurate statement of the number of good boxes and an exact calculation of the loss alleged to have been suffered. Upon the present affidavits it is impossible to liquidate the damages claimed as set-off.

The affidavits are further deficient in that while alleging that the defendant sold the oranges at auction, he does not state under what circumstances the sale was held nor what price the goods brought, but only "that they were worth in the market at least fifty cents per box less than they would have been worth had they been of the kind ordered." He fails to give the market price of the oranges of the kind he claims to have ordered and contents himself with alleging of the oranges delivered that he "realized in consequence of their kind and character fifty cents per box less than he otherwise would have received" and fixes the gross amount at $336, based on the whole number of boxes being deficient in kind and quality. This is an insufficient statement. The facts are evidently within the defendant's knowledge. His claim of set-off must be alleged in his affidavit of defense with exactness not only as to source and character but also as to amount: Close v. Hancock, 3 Pa. Superior Ct. 207; Slag Works v. Krause, 5 Pa. Superior Ct. 622. The importance of the observance of this rule is made the greater since the passage of legislation permitting the plaintiff to take judgment for such part of his claim as is not denied by affidavit of defense, to be due.

The judgment of the court below is reversed and the record is remitted with direction to the court below to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the said court why such judgment should not be so entered.