# W. L. Loeser v. Erie City Rag Warehouse, Belle Schuster, Proprietor, Fred Schuster, Agent, Appellants.

*Affidavit of defense—Preciseness demanded in allegations of set-off.*

Allegations of set-off in general terms are not to be regarded; the averments must be as specific as those used in a statement of claim. The defendant in respect to a claim of set-off is the actor, he has the affirmative of the issue and must aver his set-off in terms incapable of being misunderstood. Failure to file an affidavit, specific and precise as to source, character and amount must result in judgment being entered against him.

Argued May 15, 1899. Appeal, No. 34, April T., 1899, by defendants, from judgment of C. P. Erie Co., May T., 1898, No. 96, in favor of plaintiff, for want of a sufficient affidavit of defense, which the court below on motion refused to open. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Assumpsit. Before WALLING, P. J.

It appears from the record that this suit was brought upon the acceptances of two drafts, drawn on the defendant by the plaintiff to his own order. The substance of the affidavit of defense sufficiently appears in the opinion of the court.

Judgment for plaintiff for $465.29 with interest. Defendants appealed.

*Error assigned* was in refusing to open the judgment taken by default, in discharging rule to show cause, and in holding the affidavit of defense and supplemental affidavit insufficient.

*J. Ross Thompson*, of *Thompson & Son*, with him *A. A. Freeman*, for appellants.—The affidavit of defense certainly discloses a prima facie case.

It is not necessary that an affidavit of defense should expressly negative any objection or argument which could be raised against it.

It is only necessary that facts constituting the defense should be averred with reasonable precision and distinctness, and with certainty to a common intent: Hugg v. Scott, 6 Wh. 274; Bronson v. Silverman, 77 Pa. 94.

The affidavit is to receive a reasonable construction in favor of the defendant and a reasonable intendment is to be made in his favor: Roberts v. Austin, 5 Wh. 318; Twitchell v. McMurtrie, 77 Pa. 383.

The affidavit of defense disclosing a sufficient defense on its merits it shows a prima facie case, and entitles the defendants to a trial: Thompson v. Clark, 56 Pa. 33; Eyre v. Yohe, 67 Pa. 477.

*Henry E. Fish*, with him *John S. Rilling*, for appellee.—The affidavits are insufficient in that they fail to aver that the defendants paid for the goods complained of before examining and disposing of the same: Booth v. Alexander, 4 W. N. C. 492.

The one vital allegation that the defendants had to pay for said goods or did pay for them before examining them, is entirely wanting in these affidavits, and to this very important omission the language of the Supreme Court in Markley v. Stevens, 89 Pa. 279, applies with great force.

Said payments having been made voluntarily by the defendants and no fraud being alleged, they cannot be recovered back: Markley v. Stevens, 89 Pa. 279; Real Estate Saving Institution v. Linder, 74 Pa. 371.

The defendants in alleging this new matter of set-off to the plaintiffs' claim, are substantially in the position of plaintiffs, and a set-off of such a character should be stated as explicitly as a plaintiff should state his claim. An affidavit of

set-off must be as specific as a statement of claim: 1 Pepper & Lewis's Dig. of Dec. 158, and cases cited.

The remaining allegation made in the affidavits that the defendants were not indebted to the plaintiff in any sum whatsoever, is general, vague and indefinite and of no value to prevent the entry of judgment.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899:

This suit is brought upon acceptances of two drafts, drawn on the defendant by the plaintiff to his own order, both at ninety days, dated November 18, 1897, and December 10, 1897, and accepted respectively on November 20, 1897, and December 13, 1897. Rights of third parties have not intervened. The defense is set-off. Such a claim must be alleged in an affidavit of defense with exactness as to source, character and amount. We have so held more than once : Close v. Hancock, 3 Pa. Superior Ct. 207 ; Anderson v. Williams, 10 Pa. Superior Ct. 329. In the case last cited, we attempted to point out an additional reason for a strict observance of the rule. A plaintiff is entitled under the act of July 15, 1897 (Pepper & Lewis's Dig. of Dec. 458), to have judgment for so much of his claim as is not sufficiently denied by affidavit of defense. Allegations of set-off, in general terms, are not to be regarded. The averments must be as specific as those used in a statement of claim. The defendant in respect to a claim of set-off is the actor. He may defalk an amount less than, equal to, or in excess of the claim of the plaintiff, and should the case go to a jury, demand a certificate in his favor. He has the affirmative of the issue. There can be no harshness in imposing upon him the obligation to aver his set-off in terms incapable of being misunderstood. Failure to file an affidavit, specific and precise as to source, character and amount, must result in judgment being entered against him.

By this rule, which is in consonance with reason and precedent, the affidavits in this case cannot stand.

It is to be observed that the drafts upon which the suit is brought were attached to bills of lading for goods shipped to the defendant, and that he alleges no defect in these goods in defense.

The set-off is based first upon alleged damages growing out of previous shipments of goods from the plaintiff to the defend-

ant, which goods, it is alleged, were not of the grade at which the plaintiff charged them to the defendant. There is no allegation, however, that these previous shipments had not been paid for in full and without objection. The affidavit recites, " That all the said goods were charged for by said plaintiff as ' softs ' which were worth•from four and one half cents to six and one half cents per pound when in truth and in fact credit should have been allowed or an allowance made for all of said ' trash ' which was worth only about one cent per pound." This is not a precise statement. It is impossible from the affidavit to ascertain the amount of the set-off. True, the supplementary affidavit alleges, " that the total amount of over-charge as itemized in the original affidavit is $170.14." This may be an accurate calculation, but it is not a result necessarily deducible from the statements of the affidavits.

Nowhere do the affidavits aver that the goods complained of, received a considerable time anterior to the bringing of this suit, were paid for without opportunity for examination, or that the defendant was defrauded. The omission of such allegations is serious. It stamps the affidavit as evasive and the payment as voluntary: Markley v. Stevens, 89 Pa. 279; Real Estate Saving Institution v. Linder, 74 Pa. 371.

The second item of set-off is for alleged deductions made by the plaintiff from bills for goods shipped to him by the defendant. The amounts in this item of defense aggregate $43.53. The transactions cover a period of two years prior to the acceptance of the drafts in suit. It is not averred that any objection was made by the defendant to the deductions up to the time of the bringing of the present suit. This portion of the affidavit is also lacking in precision. It fails to indicate specifically what kind of merchandise was shipped; at what price the material, alleged to be short in weight, is charged for in the set-off, and the method used to ascertain the charge for shortage. The allegations that the parties plaintiff and defendant have been engaged in buying from and selling to each other, and that upon an adjustment of accounts the defendants will be shown not to be indebted to the plaintiffs in any sum, are too general. The affidavits being insufficient to prevent the entering of judgment, the assignments of error are dismissed and the judgment is affirmed.