# Fleisher *v.* Blackburn.

*Assumpsit—Liability of owner to mortgagee for taxes paid out of proceeds of sheriff's sale.*

A mortgagee may maintain assumpsit against the grantee of the mortgagor for the amount of taxes assessed upon the land during the grantee's ownership and paid out of the proceeds of a sheriff's sale under a judgment on the bond accompanying the mortgage, when the effect of such distri-

bution of the fund is to reduce the sum which otherwise would be distributable to the mortgagee.

*Affidavit of defense—Set-off—Appeal—Discretion as to supplemental affidavit.*

A set-off alleged in an affidavit of defense must not only be stated with exactness as to source, character and amount, but must also be alleged to have been in existence and owned by the defendant at the institution of the action.   Where the affidavit does not come up to these requirements and the court enters judgment, the appellate court will not reverse.   It is discretionary with the court below to permit a supplemental affidavit to be filed.

Argued Oct. 17, 1900.   Appeal, No. 210, Oct. T., 1899, by defendant, in suit of Benjamin W. Fleisher against Laura V. Blackburn, from order of C. P. No. 1, Phila. Co., June T., 1899, No. 788, making absolute rule for judgment for want of a sufficient affidavit of defense.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed. Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that this action was assumpsit to recover the amount of taxes paid by the mortgagee—purchaser at sheriff's sale of the mortgaged premises—from the registered owner of the premises, where the amount realized was not sufficient to pay the judgment and discharge them.

Defendant filed the following affidavit of defense :

1. That she is and was at the time of the said alleged cause of action a married woman and the wife of Charles A. Blackburn.

2. That she is advised and believes, and so suggests to the court, that plaintiff in his statement of cause of action filed has disclosed no liability to him on the part of deponent, sufficient to sustain judgment against her.

3. She denies that action upon the mortgages mentioned by plaintiff in his statement was brought for nonpayment of taxes, as he hath averred.

4. She is advised and believes, and so suggests to the court, that plaintiff being as he has alleged the purchaser of the premises in question, and having taken the title thereto by deed of May 6, 1899, and entered into possession, that in any event

she is not responsible for the taxes for the year 1899, from that date, but that the same should be borne and are rightfully chargeable to him, the plaintiff.

5. The plaintiff has in his possession the sum of $472.50, the property of deponent and justly due and payable to her, which sum she claims to set off against any claim of any character which he, the said plaintiff, legally has against her.

Judgment for plaintiff for $844.25. Defendant appealed.

*Error assigned* was entering judgment for plaintiff.

*Wm. F. Johnson,* for appellant.—At the argument counsel admitted that since the filing of the affidavit of defense in the court below, the decision of Building Assn. v. Webb, 12 Pa. Superior Ct. 545, ruled the main question involving the defendant's liability, but contended that the affidavit was good in its allegations of set-off as follows:

After setting forth the objection to the statement as filed and submitting the same to the consideration of the court, the defendant added the words: " The plaintiff has in his possession the sum $472.50, the property of deponent, and justly due and payable to her, which sum she claims to set off against any claim of any character which he, the said plaintiff, legally has against her."

It is contended that this was sufficient to prevent judgment for the entire amount claimed, as it was precisely, distinctly and unmistakably set forth. It was moneys in the hands of the plaintiff belonging to the defendant, and particularly was it well pleaded in view of the act of assembly permitting judgment to be entered for the amount admitted to be due, directly or inferentially.

*Oscar B. Teller,* for appellee.—An averment of set-off to be available in an affidavit of defense must be stated with precision and exactness, and the court must be left in no doubt as to its source and character, so that the propriety of its allowance against the plaintiff's claim may be properly judged: Endlich on Affidavit of Defense, sec. 510; Markley v. Stevens, 89 Pa. 279; McBrier v. Marshall, 126 Pa. 390.

The defendant in her affidavit of defense has not only failed

in precision and exactness but has also omitted to state that the debt or demand which she claims as a set-off existed at the time of the bringing of the action. This she is bound to do, otherwise the affidavit is insufficient: Pennell v. Grubb, 13 Pa. 552; Smith v. Ewer, 22 Pa. 116; Roig v. Tim, 103 Pa. 115; Russ v. Sadler, 197 Pa. 51.

PER CURIAM, November 19, 1900:

The affidavit of defense raised a question as to the cause of action alleged in the statement of claim, but the defendant's counsel frankly admitted at bar that the question was authoritatively ruled against his client by our recent decision in Building Association v. Webb, 12 Pa. Superior Ct. 545, a case not reported at the time the affidavit of defense was filed. Therefore, the only question requiring particular notice is as to the sufficiency of the averment of set-off. The general rule is that a set-off alleged in an affidavit of defense must not only be stated with exactness as to source, character and amount, but must also be alleged to have been in existence and owned by the defendant at the institution of the action. Where the affidavit does not come up to these requirements and the court enters judgment, this court will not reverse. It is discretionary with the court below to permit a supplemental affidavit to be filed. It is not bound to grant such permission even when it is asked, much less is it its duty to grant it as a matter of course. Viewing the averment of set-off as a whole, we think the court committed no error in holding that it was insufficient to prevent judgment.

Judgment affirmed.