## Wilmot & Hobbs Manufacturing Company *v.* Pennsylvania Bolt & Nut Company, Appellant.

*Contract—Set-off—Affidavit of defense.*

Where in an action on a contract the defendant alleges as a set-off damages resulting from the failure of plaintiff to deliver goods, and the purchase of other goods by the defendant, the affidavit will be deemed insufficient where it does not state from whom, or from where the other goods were bought, or what quantity was bought, or at what price.

Argued Oct. 28, 1902. Appeal, No. 106, Oct. T., 1902, by defendant, from order of C. P. Lebanon Co., June T., 1901, No. 299, discharging rule to open judgment in case of the Wilmot & Hobbs Manufacturing Company v. The Pennsylvania Bolt & Nut Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

EHRGOOD, P. J., filed the following opinion :

The judgment in this case was regularly entered. We are now asked to open the same because the defendant alleges in its petition that it had no notice of the filing of an order by the court requiring it to file an affidavit of defense within fifteen days, and that it, the said defendant company, has a just and legal defense to the whole of the plaintiff's demand. In the petition for the rule there is no such defense set forth as would entitle the defendant to have the judgment opened. We will, however, permit the affidavit of defense to be filed that is now offered, and pass upon its sufficiency also. The defense set up in it is breach of contract and damages by reason thereof.

The plaintiff's claim for steel scrap furnished is admitted to be correct. It is admitted that the amount claimed by the plaintiff is due and owing by the defendant to the plaintiff, but that by reason of an alleged breach of contract, the defendant has a set off in damages exceeding the plaintiff's claim.

A set-off is in the nature of a cross suit, and in an affidavit of defense ought to be set forth as specifically as the plaintiff states his claim in his statement.

The defendant alleges that "the market price of steel scrap advanced $1.00 per ton and more, whereupon the plaintiff refused to furnish the defendant any more steel scrap as per contract." That the "defendant was obliged to purchase steel scrap from other parties and to pay therefor a price amounting to $1.00 and more per ton than the plaintiff agreed to furnish said stee' scrap to the said defendant." That "the said defendant has sustained a loss of a large sum of money amounting in the aggregate to more than $1,000," and that "the plaintiff is indebted to the said defendant in the sum of more than $578.95, which the plaintiff has lost by reason of said plaintiff's breach of contract."

There is not one definite amount mentioned in the affidavit of defense, except the price at which the plaintiff agreed to sell to the defendant.

The defendant does not state from whom nor where he bought, nor how many tons and at what price.

The affidavit of defense is too vague and indefinite to prevent the entry of judgment, if none had been entered, and it would, therefore, be useless to open the judgment.

And now, April 30, 1902, rule discharged.

*Error assigned* was the order of the court discharging rule to open judgment.

*E. E. McCurdy,* of *Gobin & McCurdy,* for appellant.

*Lee L. Crumbine,* with him *E. W. Miller,* for appellee.

PER CURIAM, November 19, 1902:

Defendant filed a demurrer to the plaintiff's statement which, after argument, was dismissed July 12, 1901, with leave to the defendant to file an affidavit of defense within fifteen days. No affidavit of defense having been filed within the time prescribed, judgment was entered for the plaintiff and against the defendant. A motion to open the judgment was filed July 30, which was granted and answered by the plaintiff September 16, 1901. December 16, 1901, a motion was made for leave to file an affidavit of defense which was subsequently filed of record. The court considered the question of the suffi-

ciency of the affidavit of defense as if it had been filed in time and, because it was regarded as insufficient, the rule to open the judgment was discharged.  The parties here treated the question as if it involved only the sufficiency of the affidavit of defense.  Was it sufficient?

The contract between the plaintiff and the defendant was practically in writing, contained in the letters of the plaintiff and defendant respectively, the acceptance of the defendant being as follows : " We have your letter of the 25th instant, accepting our proposition of $8.50 per gross ton delivered Lebanon for your steel scrap for one year from July 1, 1898, to June 30, 1899." There is no allegation in the affidavit of defense that the difference between the written contract, as contained in the offer of the plaintiff and accepted by the defendant and the verbal contract alleged in the affidavit of defense was made subsequently to the written contract.  There is no averment in the affidavit of defense that the plaintiff had steel scrap which could be delivered.  The offer was to sell " our scrap ; " the acceptance was " for your steel scrap for one year." The averment in the affidavit is " that, by reason of the said plaintiff's refusal to keep its contract with the said defendant, the said defendant was obliged to purchase steel scrap from other parties and to pay therefor a price amounting to one dollar and more per ton more than the plaintiff had agreed to furnish said steel scrap to the said defendant." From what parties ?   How much was purchased and at what prices ? The averments in respect to these essential facts are vague and indefinite.  The opinion of the court below fully covers the question involved, to which nothing can be profitably added. See as to exactness in an affidavit of defense, where a set-off is alleged, Fleisher v. Blackburn, 15 Pa. Superior Ct. 289.  The decree of the court below, discharging the rule to open the judgment, is, therefore, affirmed.