# Carnahan Stamping & Enameling Company *v.* Foley, Appellant.

*Set-off—Affidavit of defense—Specific averments.*

Allegations of set-off in an affidavit of defense in general terms are not to be regarded. The averments must be as specific as those used in a statement of claim. The defendant in respect to a claim of set-off is the actor. He may defalk an amount less than, equal to, or in excess of the claim of the plaintiff, and, should the case go to a jury, demand a certificate in his favor; he has the affirmation of the issue.

In an action for goods sold and delivered the defendant in an affidavit of defense did not deny the plaintiff's claim, but averred that he had suf-

fered a loss in an amount stated, because plaintiff had failed to deliver a number of articles referred to in an exhibit attached to plaintiff's statement. How many of each kind of the articles the plaintiff failed to deliver, with the price of the same was not averred, nor was there any specific information as to contracts made by the defendant which he was unable to fill, nor whether the defendant was unable to obtain the goods of a similar kind and quality at the same price. *Held*, that the affidavit of defense was insufficient.

Argued Oct. 16, 1903. Appeal, No. 126, Oct. T., 1903, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1903, No. 3598, making absolute rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Frank A. Harrigan*, for appellant.

*James W. Bayard*, with him *John G. Johnson*, for appellee.

OPINION BY HENDERSON, J., December 19, 1903:

Numerous cases decided by the Supreme Court and by this court support the rule concisely stated in Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 542 : " Allegations of set-off in general terms are not to be regarded. The averments must be as specific as those used in a statement of claim. The defendant in respect to a claim of set-off is the actor. ' He may defalk an amount less than, equal to, or in excess of the claim of the plaintiff, and, should the case go to a jury, demand a certificate in his favor. He has the affirmative of the issue. There can be no harshness in imposing upon him the obligation to aver his set-off in terms incapable of being misunderstood. Failure to file an affidavit specific and precise as to source, character and amount must result in judgment being entered against him."

The defendant does not deny the receipt of the goods for

which the action was brought, nor does he object to the quality or price. He sets up, however, a defense by way of set-off growing out of the alleged failure of the plaintiff to deliver goods according to the contract, by reason of which he " has suffered great pecuniary loss and damage, to wit: Loss and damage to the amount of at least one thousand ($1,000) dollars, which damage he will be able to prove specifically and in detail at the trial of this cause." He further avers that upon faith of the plaintiff's undertaking he " made contracts which he was unable to fill because of the plaintiff's neglect to perform the contract," and that out of all the articles mentioned in plaintiff's statement he had not received ten per cent, and that his profit would have been at least fifty cents a dozen on all articles to be delivered by the plaintiff. Reference is made in the affidavit to "Exhibit C" of plaintiff's statement of claim. No enumeration of the articles is contained in that exhibit. The defendant presumably intended to refer to the statement of the articles contained in " Exhibit A " of the plaintiff's claim. Sixteen different kinds of articles in various quantities and at different prices are set forth in that statement. How many of each kind the plaintiff delivered or failed to deliver, with the price of the same, nowhere appears in the affidavit, nor is there any specific information as to contracts made by the defendant which he was unable to fill, nor whether the defendant was unable to obtain goods of a similar kind and quality in the market at the same price. Damage is claimed to the amount of $1,000 or more, but the affidavit does not give the facts from which this conclusion is reached. If the defendant had information supporting his calculation, it should have been disclosed in the affidavit.

The defendant has not brought himself within the rule as to the essential averments in an affidavit of defense where a set-off is made the ground of defense. The judgment is therefore affirmed at the cost of the appellant.