# Penn Shovel Company, Appellant, *v.* Phelps.

*Set-off—Affidavit of defense—Judgment.*

Allegations of set-off in general terms in an affidavit of defense are not to be regarded. The defendant in respect to a claim of set-off is the actor. The averments must be as specific as those used in a statement of claim, and failure to file an affidavit specific and precise as to source, character and amount must result in judgment being entered against the defendant.

*Contract—Past dealings—Sales.*

The fact that a person has been regularly purchasing goods from another, will not sustain an action for damages for the refusal of the seller to fill further orders.

Argued Jan. 15, 1904. Appeal, No. 85, Jan. T., 1904, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1903, No. 1113, discharging rule for judgment for want of a sufficient affidavit of defense in case of Penn Shovel Company v. Francis A. Phelps, Cyrus Straw and G. W. Lewis, copartners as Phelps, Straw & Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Ernest K. Little,* for appellant.

*A. L. Williams,* for appellees.

OPINION BY HENDERSON, J., March 14, 1904:

The defense to the plaintiffs' action is a set-off alleged to exist because of the plaintiff's refusal to ship additional goods to the defendants on their order. The affidavit sets forth that " the plaintiff after shipping part of the goods contained in the original order refused to ship these goods after accepting the order, and on April 27, 1903, wrote the defendants a letter, of which the following is a copy," the substance of which letter

is expressed in the sentence " we do not care, however, to ship you any more goods unless you pay for them in advance." The defendant refused to pay in advance for the goods, and the plaintiff refused to make further shipments. The affidavit further sets forth " defendant not having ordered any shovels from any other company furnishing such articles of merchandise, expecting to have its orders already given plaintiff executed, and to continue purchasing from the plaintiff, being led to believe by their past dealings that plaintiff would continue to supply them, defendant was unable to procure goods for sale during the months of April, May, June and July, and, therefore, during these months lost in profits not less than $500, said estimate of profits being based upon sales and profits actually made in the proceding months of December, January, February and March." Authorities are numerous in support of the rule that allegations of set-off in general terms are not to be regarded; that the defendant in respect to a claim of set-off is the actor; that the averments must be as specific as those used in a statement of claim, and that failure to file an affidavit specific and precise as to source, character and amount must result in judgment being entered against the defendant, among which are Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 542, and Carnahan Stamping & Enameling Co. v. Foley, in which case an opinion was filed at this term. The affidavit under consideration does not meet the requirements of the cases cited. It is wholly silent as to the date of " the original order," the quantity of goods ordered and their price, the manner of acceptance of the order by the plaintiff, and the quantity of goods delivered pursuant thereto. There is an entire absence of information as to the quantity of goods which the defendant claimed the plaintiff refused to deliver on their order, or the profits which might have been gained if delivery had been made. The second ground of defense is less substantial than the first. The averment that the defendants being led to believe by their past dealings that the plaintiff would continue to supply them expected to continue purchasing, and therefore did not order shovels from any other company, by reason whereof they were unable to procure goods for sale, sets up no defense whatever. The fact that the defendants had been purchasing goods from the plaintiff gave the former no legal

standing to demand a continuance of the business. Any contract which the defendants had with the plaintiff they could enforce, but the law will not take notice of their disappointed expectations. The plaintiff could at any time refuse to accept new orders without incurring liability for such refusal. The damage alleged to have been sustained apparently includes the loss of sales growing out of the fact that the plaintiff refused to supply the defendants with stock in addition to the amount of the unfilled order. Such a claim can have no validity. No facts are disclosed by the affidavit by which the accuracy of the defendants' claim for damages can be tested.

The judgment is reversed and the record remitted to the court below with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.