# McFetridge *v.* Megargee, Appellant.

*Affidavit of defense—Set-off—Practice, C. P.*

Allegations of set-off in general terms in an affidavit of defense are not to be regarded; the averments must be as specific as those used in a state-ment of claim. The defendant in respect to a claim of set-off is the actor, he has the affirmative of the issue and must aver his set-off in terms in-capable of being misunderstood. Failure to file an affidavit, specific and precise as to source, character and amount must result in judgment being entered against him.

*Practice, C. P.—Argument lists—Judgment.*

Where a defendant is allowed until after December 30 to file a supple-mental affidavit of defense, and the case is placed on the current motion list for January 4, and is continued with notice to defendant, by special order until January 11, and on that day no supplemental affidavit having been filed, judgment is entered for want of a sufficient affidavit of defense, the defendant cannot complain of the entry of the judgment as premature,

because members of the bar had been notified that "undisposed of cases upon prior current motion lists" would be called for argument on January 18.

Argued Oct. 12, 1904.    Appeal No. 26, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T. 1903, No. 3727, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of John R. McFetridge & Sons v. Louis N. Megargee trading as Seen and Heard Publishing Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court.

*John H. Fow*, for appellant, cited: Deacon v. Smaltz, 10 Pa. Superior Ct. 151; Muir v. Accident Ins. Co., 203 Pa. 338; Publishing Co. v. Hartranft, 3 Pa. Superior Ct. 59; McPherson v. Bank, 96 Pa. 135; Peale v. Addicks, 174 Pa. 543.

*J. C. Levi*, of *Bamberger & Levi*, for appellee, cited: Com. v. Snyder, 1 Pa. Superior Ct. 286; Vanderslice's Case, 16 W. N. C. 93; Clendenning v. Cable, 26 Pa. C. C. Rep. 115; Sweigard v. Ice Co., 15 Pa. Superior Ct. 285; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Anderson v. Williams, 10 Pa. Superior Ct. 329; Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540; Stern v. Probst, 26 Pitts. L. J. 48.

OPINION BY BEAVER, J., November 21, 1904:

In the court below plaintiff sought to recover from the defendant for a balance due upon a book account for work and labor done, materials furnished and merchandise sold and delivered to the defendant, amounting to $9,889.72, and, allowing credits of $9,312.06, leaving a balance of $577.66.    Defendant filed an affidavit of defense, in which he claimed, in addition to the credits allowed by the plaintiff, a payment of $100 in cash, advertising $90.00 and for paper furnished by the defendant, to be used by the plaintiff in his behalf, which

had been converted to its own use, amounting to $416.40 instead of $114 which had been allowed as a credit by the plaintiff in its statement.

When the case was called for argument, the plaintiff allowed the claim for $100 in cash and $90.00 in advertising but would not admit the claim for paper, asking to have a more specific detail of defendant's claim. The case was continued to allow the defendant to file a supplemental affidavit, containing the required information.

On December 22, 1903, the plaintiff's counsel wrote the defendant's counsel that they would place the case down for argument on Monday, December 27, 1903. The defendant's counsel replied, saying : " I have been very busy the past week and have just returned this A. M. from Pittsburg. My client, Mr. Megargee, is also very busy getting out his anniversary number, which comes out on the 30th. I would, therefore, ask you to allow the matter to rest until after the 30th, when both Mr. Megargee and myself will have plenty of time to give the matter the careful attention it requires."

The case was placed upon the current motion list for January 4, 1904, and was No. 20 on that list. It was, on that day, continued for one week and reappeared on the list for argument on January 11, 1904. The time for the filing of the supplemental affidavit of defense being past and none having been filed, the plaintiff moved for judgment at that time, which was accordingly entered for the amount for which the affidavit was adjudged to be insufficient, " without prejudice to the right of the plaintiff to proceed to recover for the balance of its claim." Judgment was accordingly entered for $395.16. After the entry of said judgment, the defendant presented a petition, praying for a rule " to show cause why the order of the court, making absolute the rule for judgment, should not be stricken off and judgment opened and the defendant allowed to file a supplemental affidavit of defense, all proceedings to stay meanwhile." Upon the argument of this rule, it was discharged and from that order of the court this appeal is taken.

The appellant bases his contention here upon two grounds : first, that the affidavit was in itself sufficient to prevent judgment, at least to the extent of $302.40, the difference between the credit which the plaintiff allowed for paper used by it and

the amount claimed by the defendant to have been so used, and, second, that the court below "erred in allowing an undisposed of rule to be placed on its current motion list for January 11, 1904, when under its rules it should have been on its lists for 'undisposed of cases on prior current motion lists' on January 18, 1904."

1. As to the affidavit of defense.    We held in Lœser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540, as summed up in the syllabus, that "allegations of set-off in general terms are not to be regarded; the averments must be as specific as those used in a statement of claim.    The defendant in respect to a claim of set-off is the actor, he has the affirmative of the issue and must aver his set-off in terms incapable of being misunderstood.    Failure to file an affidavit, specific and precise as to source, character and amount, must result in judgment being entered against him."    This is the tenor of all our cases : Anderson v. Williams, 10 Pa. Superior Ct. 329 ; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289 ; Carnahan Stamping, etc., Co. v. Foley, 23 Pa. Superior Ct. 643.

The allegations of the defendant, in his original affidavit of defense, are of the most general character.    No particulars as to time or place of use or as to the character of the materials used, or as to the specific amounts of paper used, are set forth. There is a bald claim of $416.40, without any particulars of any kind, the plaintiff having allowed in its statement a credit for $114 of that amount.    It would have been entirely possible and practicable for the defendant to have set forth the amount of paper delivered to the defendant and the amount which he had received in printed sheets, together with time and circumstance of delivery and receipt.    This would have been necessary in a statement and is equally necessary in a claim of set-off in an affidavit of defense.    We think, therefore, the court committed no error in entering judgment for want of a sufficient affidavit of defense, so far as that item of claim is concerned.

2. As to the second ground of complaint we fail to see that the defendant suffered any wrong at the hands of the plaintiff or of the court.    By the terms of his own request, he was allowed until after December 30, to file his supplemental affidavit of defense.    This would, of course, mean a reasonable

time after that date.   The case was placed upon the list for January 4 of the current motion list but was continued by special order until January 11.   Such a continuance the court, in the exercise of its undoubted right to regulate its own business, had authority to make.   No rule has been pointed out to us which ties the court's hands in that respect.   The defendant's counsel had notice prior to January 11 of the argument of the motion for judgment for want of a sufficient affidavit of defense at that time.   He was bound to take notice and appear or suffer the consequences.   He paid no attention to the notice and failed to file his supplemental affidavit of defense.   We cannot see that there was any violation of the agreement between counsel or that the plaintiff was bound to await the convenience of the defendant further.   It is true that the plaintiff prints in its paper-book a notice to the members of the bar in reference to the trial list and an arrangement of business for December and January terms in which occurs the notice, " Monday, Jan. 18th, 1904, 10 A. M., current motion list, undisposed of cases upon prior current motion lists, new trial argument list, miscellaneous argument list, divorce list, road list." But there is nothing therein to indicate that a case which had been regularly on the list on January 4 and specifically continued until January 11 must necessarily be held for argument on this list of undisposed of cases.   It seemed to have been a gathering up of cases which had been unavoidably left over, in addition to the special lists therein mentioned.   Assuming that this arrangement of business is authentic and that it was an exhibit accompanying the petition to open, etc., we see nothing therein which prevented the court below from hearing the argument of the motion for judgment for want of a sufficient affidavit of defense on January 11.

We have always held that courts are the best interpreters of their own rules but, whether this order of business was made in accordance with a regular rule of court or was arranged by the prothonotary simply for the convenience of the court and bar, we are unable to determine, in any event we see nothing at variance with the exercise of a sound discretion on the part of the court below in the original disposition of this case.

Judgment affirmed and record remitted, with a procedendo.