# Evans, Appellant, *v.* Lyon.

*Contract—Set-off—Affidavit of defense.*

Where suit is brought to recover a balance alleged to be due by the defendants to the plaintiff for goods of the latter sold by the defendants on commissions, as agents, the defendants may show that the plaintiff wrongfully terminated the contract before the time specified therein, and may set off against the plaintiff's claim the expenses incurred after the breach in endeavoring to carry out the requirements of the contract as to themselves.

Argued Dec. 12, 1906.    Appeal, No. 230, Oct. T., 1906, by plaintiff, from order of C. P., No. 3, Phila. Co., March T., 1906, No. 4,249, discharging rule for judgment for want of a sufficient affidavit of defense in case of Allen R. Evans v. Gustav Lyon and Jonas Lichten, Copartners, trading as Lyon, Lichten & Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Assumpsit to recover balance alleged to be due on a contract.

From the record it appeared that the balance claimed was alleged to be due for goods of the plaintiff sold by the defendants on commissions, as agents.    The defendants alleged in their affidavit of defense that the plaintiff had wrongfully terminated the contract before the time fixed by its terms. They claimed to set off against the balance apparently due certain moneys which had been expended by them after the breach in endeavoring to carry out the contract.

Other facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.*, with him *John H. Maurer*, for appellant.

*Charles Goldsmith*, for appellees.

OPINION BY MORRISON, J., March 5, 1907 :

The learned court below discharged the rule for judgment for want of a sufficient affidavit of defense, and the plaintiff

excepted and appealed to this court. A careful examination of the record convinces us that it would have been much wiser for the plaintiff to have accepted the decision of the court and proceeded to put his case at issue and try it on its merits.

The learned counsel for plaintiff only argues that the declaration and affidavit of defense left a sum apparently due the plaintiff of $665.13. The first affidavit of defense was defective as to the items of set-off claimed by defendant against said sum. But the supplemental affidavit is, we think, sufficient as to $48.08, commissions not set up in the first affidavit, and as to the $614.90 expenses set up in both affidavits, which are fully and clearly itemized in the supplemental affidavit. This sum and the $48.08 amount to $662.98, and deducting this from the $665.13 only left a balance of $2.15, which upon this calculation appears to be due the plaintiff. But we will not reverse the court below for this small sum on the principle of de minimis non curat lex.

In endeavoring to get away from the set-off of $614.90 the learned counsel for plaintiff loses sight of the fact that the defendants expended this sum on the strength of their contract with the plaintiff that the arrangement or agreement, referred to in the affidavits of defense, was to continue for a year and thereafter so long as plaintiff continued in the leather business. The contract began on August 24, 1905, and the plaintiff's breach of it on April 12, 1906, and this breach on the part of the plaintiff, as the case is now presented to us, was entirely without excuse or reasonable ground. In this view of the questions raised by the declaration and affidavits of defense, we are not prepared to say that the law will not allow the defendant to set-off, against the plaintiff's claim, the $614.90 which the defendants aver they expended on the strength of the contract in endeavoring to carry out its requirements as to them. If on the trial before a jury the facts shall be found as now set up by the defendants, we cannot see why their set-off cannot be sustained: Ludington v. North, 141 Pa. 184.

As to the $20,000 damage averment in the affidavits of defense, we think it is without merit. It is plainly speculative and too vague to prevent judgment: Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622; Carnahan Stamping, etc., Co. v.

Foley, 23 Pa. Superior Ct. 643; Penn Shovel Co. v. Phelps, 24 Pa. Superior Ct. 595.

The appeal is dismissed at the costs of the appellant without prejudice, etc.