# Order of Unity *v.* McCann, Appellant.

*Master and servant—Discharge from employment—Affidavit of defense.*

1. Where a defendant seeks to set off a counterclaim for damages arising from an alleged wrongful discharge from employment, an affidavit of defense to be sufficient must aver the conditions of the contract of employment, the services to be performed and a fixed term of employment.

2. An affidavit of defense which sets up an employment of defendant by plaintiff's agent and a wrongful discharge from such employment is insufficient if it does not also set forth the date on which the defendant's employment was to begin, the authority of the agent who employed him, the time within which he was to work, or the length of time that he did work, and the precise services which he was to render, and the actual performances of such services.

*Mortgage—Scire facias—Suit by assignee—Affidavit of defense.*

3. On a scire facias sur mortgage brought in the name of the assignee of the mortgage, an affidavit of defense is insufficient which avers that there was no right of action in the assignee, and denies that there had been a legal assignment of the mortgage. Such statements without more are mere conclusions of law.

Argued March 4, 1914. Appeal, No. 1, March T., 1914, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1912, No. 273, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Order of Unity, Assigned to Pension Life Society v. Thomas F. McCann. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The material portion of the affidavit of defense was as follows:

1. I am not indebted to the plaintiff or the assignee in this case, but on the contrary the plaintiff assignee

owes me, at the present time, the sum of $300, over and above all sums of money due on said mortgage: said indebtedness arising from my employment and special services rendered to the said plaintiff and to the Order of Unity during the past five years, as set forth below.

2. At the time of the date of said mortgage, to wit, September 6, 1907, and for several years before I was employed as agent in the service of the Order of Unity, and afterwards from the month of November, 1910, in the service of the Pension Life Society, my compensation being $80.00 per month.

I received payments of said salary regularly until August, 1911, at which time my salary was put off and payments ceased without explanation or notice by said society. I continued to work for said society and held myself in readiness to do so until January 1, 1912, at which time I engaged in other work, but I was never discharged or notified to quit by said society, and there is due me for salary the sum of $400, covering the months of August, September, October, November, and December, 1911. No part of this sum has been paid to me, although payment was requested several times.

3. In the spring of the year 1910, Mr. C. H. Coons, supreme secretary of the Order of Unity, notified me that there were plans being made for the merger of the Order of Unity with the American Life and Annuity Society of Pittsburg, an organization doing business on similar lines to the Order of Unity, and he engaged me specially to assist in making said merger, securing the consent of the members thereto throughout Northeastern Pennsylvania, and doing other services in connection therewith; and for said services the said C. H. Coons, in behalf of the said Order of Unity promised and agreed that compensation would be made to me of the sum sufficient to pay off and satisfy the said mortgage, to wit: the sum of $1,100. This compensation was to be over and above and outside of any compensation I was

then receiving regularly as salary.  The said merger was accomplished and brought about in the month of November, 1910, but by reason of failing health, the said C. H. Coons was unable or neglected to carry out the agreement above referred to for the special services rendered, to wit: the satisfaction of the said mortgage, and the said C. H. Coons died in July, 1911, without being able to carry out said agreement; and the said agreement was made in the presence of several third parties and can be proved by legal evidence.

4. The said sum of $1,100, to wit: the amount of the said mortgage was to be applied in payments and cancellation thereof according to the agreement made and had with the said C. H. Coons, the supreme secretary and manager of agencies for the said Order of Unity, but the said C. H. Coons, though intending to carry out said agreement and having expressed himself on many different occasions in presence of several different and disinterested parties to this effect, neglected to do so, as defendant verily believes, on account of ill health, and defendant confidently expected that provision would be made for the cancellation and discharge of said indebtedness by those succeeding the said C. H. Coons and other officers in the management of the consolidated organization, which became known as the Pension Life Society.

5. The service rendered for such release and cancellation were of peculiar and special value, of such a nature that no other person except defendant could perform.

Defendant was the first agent employed by the Order of Unity in this vicinity at the time of its organization in 1903.

I personally solicited nearly all the members who joined the order in this part of the state, and was acquainted with nearly all of them.  And I undertook, at the solicitation of the said C. H. Coons, acting in his capacity as manager of agencies for the Order of Unity to secure the individual consent of those members

64    ORDER OF UNITY *v.* McCANN, Appellant.

Statement of Facts—Opinion of the Court.    [57 Pa. Superior Ct.

(numbering about 300, and residing in different places in Northeastern Pennsylvania), to the merger of the two companies.

This task was extremely delicate and difficult, because it involved my reputation for square dealing with my patrons in the past as well as the responsibility for the future results of the consolidation.

But as result of my labors, and with the co-operation of other members of the order, the said combination was finally effected and is now in force and operation. The said merger, I am informed, resulted in large profits to those who accomplished the same, and by my agreement I was to participate therein, but received no compensation therefor.

In a supplemental affidavit of defense the defendant denied the validity of the assignment.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*L. P. Wedeman,* for appellant.

*C. P. O'Malley,* of *Warren, Knapp, O'Malley & Hill,* for appellee.

OPINION BY KEPHART, J., April 20, 1914:

Two counterclaims or matters of set-off are presented by the affidavit of defense, one of which is a claim against the assignee of the mortgage on a contract of hire and a discharge from employment. The affidavit is silent as to the character of services to be performed, the term of employment, and such breach by the master as would entitle him to recover his salary until such time as he secured employment. The appellant merely sets forth that he was employed until a certain time when he ceased to receive pay from the master, and remained out of employment for a period of five months

until he secured other employment; and during this time he held himself in readiness to work. To entitle the servant to claim from the master wages for a given period of time, he must aver the conditions of his contract, the services to be performed, and a fixed term of employment: Henry v. Pittsburg & L. E. R. R. Co., 139 Pa. 289.

The other counterclaim arose against the mortgagee. In this he claims for services rendered to the mortgagee amounting to "sufficient to pay off and satisfy the said mortgage, to-wit, $1,100." Without considering the many questions raised by the appellee in connection with this claim, its availability as a defense as against the assignee and other matters, it is sufficient to say that the affidavit does not set forth the date on which he was to begin and the beginning of such employment, the authority of the agent who employed him, the time within which he was to work or the length of time that he did work; nor is it clearly stated the precise services which he was to render and the actual performance of those services. To sustain an affidavit of defense, which is so clearly wanting in the many essentials of a counterclaim against the plaintiff, would not only be an injustice to the plaintiff, in that he would be unable to sufficiently prepare himself to meet this defense, but would be a violation of the rules laid down by the courts as to what an affidavit of defense, alleging a counterclaim, should contain. It is unnecessary to repeat these rules. See Appleby v. Barrett, 28 Pa. Superior Ct. 349; Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540; Anderson et al. v. Williams, 10 Pa. Superior Ct. 329; Penn Shovel Co. v. Phelps, 24 Pa. Superior Ct. 595.

The supplemental affidavit of defense avers that there is no right of action in the assignee and denies that there has been a legal assignment of the mortgage. These statements are merely conclusions of law. No reasons or facts are stated upon which to base these conclusions and the affidavit lacks the elements to con-

stitute a good statement of defense: International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294.

Some suggestion was made during the argument by the appellant that it was not necessary to file an affidavit of defense to a scire fàcias sur mortgage. The law on this is very well settled.

The assignments are all overruled and the judgment is affirmed at the cost of the appellant.