# The Port Kennedy Slag Works *v.* William Krause & Sons, Appellants.

*Practice, C. P.—Scope and scrutiny of supplemental affidavits of defense.*
While there is no rule that a supplemental affidavit of defense is to be confined to an explanation of the original and cannot set up new matter, such course is suspicions and requires a new defense to be closely scrutinized, especially when the two affidavits cannot be dovetailed but are contradictory.

*Affidavits of defense—Essentials of affidavit.*

An affidavit of defense is defective which fails to state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense, and to what extent they amount to a defense, and also to inform the plaintiff with some degree of certainty what will be interposed to defeat his claim.

Argued Oct. 12, 1897. Appeal, No. 83, Oct. T., 1897, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1897, No. 915, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Plaintiff claimed for balance due on a contract for one hundred tons of roofing slag sold and delivered in accordance with the terms of a contract.

The defendants filed the following affidavit of defense:

"Bernard J. Krause, being duly sworn, deposeth and saith that he is a manager of the firm of William Krause & Sons, the defendants in this suit. Defendants have a full and just defense to the plaintiffs' claim as follows:

"The slag contracted for by defendants in the written contract as set forth in the plaintiffs' statement of claim, was 'merchantable roofing slag, otherwise not to be acceptable.'

"The portion of this account for which payment has not been made was a delivery of an inferior slag and not 'merchantable roofing slag,' and not acceptable as stipulated in the contract.

"It was inferior in quality and was what is called in the trade three fourths slag, a commodity not salable; for this reason, payment for this portion was declined. All of which is true as deponent avers, believes and expects to prove at the trial of the cause."

And subsequently on leave granted, the following supplemental affidavit of defense:

"Bernard J. Krause, being duly sworn, deposeth and saith that as set forth in the affidavit of defense heretofore made by him, he is manager of the defendants' works. Deponent avers that the plaintiffs did not comply with their contract.

"The written contract for the purchase of slag as sworn to in the copy of agreement, part of plaintiffs' statement provided for

624     SLAG WORKS *v.* KRAUSE & SONS.

Statement of Facts—Opinion of the Court.   [5 Pa. Superior Ct.

'merchantable roofing slag,' a quality of slag well known in the trade. There is another quality of slag called in the trade 'three fourths slag,' which is not suitable for roofing and cannot be used for that purpose, but only for paving or concrete ; it is also inferior in quality and of much less value.

"After certain shipments on account had been received, deponent made an examination of the slag delivered and found that a quantity of this inferior quality of slag known as 'three fourths slag' had been mixed in and delivered with the 'roofing slag.' Deponent called the attention of the plaintiffs to the inferior quality of the slag delivered and requested them to take it away; their agent examined it and pronounced it to be inferior quality. Defendants held it for a period of two weeks, and plaintiffs not removing it, deponent's firm used it for paving purposes and have paid plaintiffs more than the market value for it ; and deponent also suffered business inconvenience, and a greater loss than claimed.

"All of which is true as deponent avers, believes and expects to prove at the trial of the cause."

The court below entered judgment for plaintiff for $18.50. Defendants appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Charles B. Krein,* for appellant.

*Samuel K. Louchheim,* for appellee.

PER CURIAM, November 8, 1897 :

It was held in Callan v. Lukens, 89 Pa. 134, that there is no rule that a supplemental affidavit of defense is to be confined to an explanation of the original, and cannot set up a new and different defense ; such a course, however, is suspicious and requires that the new defense should be closely scrutinized. This is especially to be observed where the affidavits are contradictory, as they are in this case. The first affidavit avers that the portion of the plaintiff's account, for which payment has not been made, is not for "merchantable roofing slag," as the contract stipulated, but for what is called in the trade

" three fourths slag," a commodity not salable, and for that reason the defendant had declined to pay for it. The second affidavit avers that a certain quantity of the slag delivered under the contract, although suitable for paving and used by the defendant for that purpose, was inferior in quality to roofing slag, and of less value, and that he had paid the plaintiffs more than the market value. These two affidavits cannot be dovetailed; but assuming, as we may, that the second was intended to present the whole defense, the court properly adjudged it insufficient. An affidavit of defense should state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense, and to what extent they amount to a defense, and also to inform the plaintiff with some degree of certainty what will be interposed to defeat his claim. The affidavit fails to meet these plain requirements. It does not state the quantity or value of the slag that was inferior in quality; it may have been a ton or it may have been a carload. It was within the defendant's power to state these facts specifically, and according to the uniform construction of the affidavit of defense law it was his duty to do so. An averment that the defendant " suffered business inconvenience, and a greater loss than claimed " is too vague to prevent judgment.

Judgment affirmed.