## Sweigard v. Ice Company.

*Essentials of affidavit of defense—Damages alleged—Sale —Executory contract of sale.*

Granting that a vendee under an executory contract of sale may accept the article and retain his right to damages for noncompliance with the contract, it is well settled that his affidavit of defense must aver in clear and precise terms, when that is possible, the amount of damages he has sustained.

*Affidavit of defense—Deduction or set-off.*

An affidavit of defense must state with exactness not only as to source and character a deduction or set-off, but also the amount, when the facts are within the defendant's knowledge.

Argued Oct. 12, 1900. Appeal, No. 132, Oct. T., 1900, by defendants, in suit of Joseph L. Sweigard, trading as Joseph L. Sweigard & Company against Consumers' Ice Manufacturing and Coal Company, from order of C. P. No. 4, Phila. Co., Dec. T., 1899, No. 1373, making absolute rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the action was assumpsit to recover for a pump that was sold to defendants to be of a certain size, of a certain specified capacity, and for which defendants agreed to pay a certain sum. Defendant corporation gave notes, on which plaintiff claims, but set up as a defense that the consideration for which the said notes were given has failed.

The court below allowed defendants to file a supplemental affidavit of defense which was as follows:

This deponent says that this defendant corporation made a parol contract with this plaintiff, and according to this contract this plaintiff agreed to furnish this defendant corporation with a new Improved Pneumatic Deep Well Pump, having a nine-inch steam by ten-inch air cylinder, all of nine-inch stroke, together with two foot pieces and the necessary pipe clamps to support the pipe down well, including pressure gauge and safety valve. The machine to be fitted with wip-oilers for crank and cross head, sight drop oilers for gibs, and double sight feed lubricators for steam and air cylinders, together with full set of wrenches and the services of a competent man to look after erection and make tests, for the net sum of $575. The plaintiff guaranteeing that the apparatus would have a capacity of 200 gallons of water per minute, providing the wells of the plant would yield that much, this to be done when the machine was running at sixty revolutions per minute.

This deponent further says that this plaintiff guaranteed to keep this machine in repair for one year.

This deponent says that after the notes were given it was discovered that the machine would not develop the power that this plaintiff claimed for it; that it would not pump 200 gallons per minute at eighty revolutions; that it was not a new machine but one that had been used before being placed in this defendant's plant; that the machine was not fitted with the wip-oilers for crank and cross head, which plaintiff agreed to furnish with this machine; that in dimensions the machine is not as contracted for; that the machine furnished has an eight-inch steam by eight-inch air cylinder only.

This deponent further deposes and says that this plaintiff has failed to keep this machine in repair as he agreed to do, that he has been notified at different times that it was out of repair, but has made no examination preparatory to making any such repairs.

That this defendant has been put to expense of making considerable repairs to this machine in the attempt to make the apparatus do the work it was guaranteed to do, but was unable to obtain the guaranteed capacity.

This deponent further says that this defendant corporation was always ready and willing to pay for the apparatus for which they contracted, and had this plaintiff fully performed his part of the contract, this defendant would have paid the notes under which this plaintiff claims.

All of which facts this deponent says are true so far as he states them of his own knowledge, and expects to be able to prove the same upon the trial of this cause.

Rule for judgment for want of a sufficient affidavit of defense for $549.10. Defendants appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Wm. J. Wagenknight,* with him *T. Fernley Brooks,* for appellants.—The affidavit set up failure of consideration and breach of warranty.

The affidavit of defense sets out that the subject-matter, for which the promissory notes were given, was not what was con-

tracted for by this defendant; therefore there was a partial failure of consideration, and failure of consideration is a good defense on a promissory note . between the immediate parties, and a defense set up in the affidavit of defense showing such a failure is sufficient: Moeck v. Littell, 3 W. N. C. 341; Campbell Printing Press & Mfg. Co. v. Hickok, 140 Pa. 290; Mining Co. v. Work, 13 W. N. C. 47.

The subject-matter for which said notes were given was guaranteed by this plaintiff to do certain work, and this plaintiff also guaranteed the machine for a certain length of time. These points are fully set out in this affidavit of defense, and such affidavit of defense is sufficient which denies explicitly any allegation of the statement, the proof of which is essential to plaintiff's recovery: Phila. Brick Co. v. Johnson, 162 Pa. 199.

An affidavit of defense denying the material allegations of the statement with reasonable certainty is sufficient and need only be as specific as the statement: Davis v. Koenig, 165 Pa. 347.

If the affidavit sets up matters constituting a substantial defense, it is sufficient although the matters are informally stated: Williams v. Myers, 3 Pa. Superior Ct. 481.

*Alfred Driver,* with him *J. Warren Coulston,* for appellee.

PER CURIAM, November 19, 1900:

When a contract of sale is executory, as it always is where a particular article is ordered without being seen from one who undertakes it shall be of a given quality or description, and the thing sent as such does not conform to the order and is never completely accepted, the buyer is not bound to keep it, or pay for the article on any terms, though no fraud was intended by the vendor. But after the actual reception of the article, and the lapse of a reasonable time to examine it and to ascertain its quality and its conformity to the stipulations of the contract, the buyer will be deemed to have accepted it, unless he then promptly exercises his right to reject it. After full acceptance he is not at liberty, when sued for the price, to avoid the contract in toto. Granting that he may accept the article and retain his right to damages for noncompliance with the contract, it is well settled

that his affidavit of defense must aver in clear and precise terms, when that is possible, the amount of the damages he has sustained. For example, this affidavit alleges that " the machine was not fitted with the wip-oilers for crank and cross-head which plaintiff agreed to furnish," but is silent as to the deduction from the contract price which the defendant claims on this account. Again the affidavit alleges that the plaintiff agreed to keep the machine in repair for a year, that he did not keep his agreement, and that the defendant has been put to the expense of considerable repairs, but does not set forth the amount that it has thus been compelled to expend. We mention these as illustrations of the character of all the averments. It is not necessary to discuss them in detail. A deduction or set-off alleged in an affidavit of defense must be stated with exactness not only as to source and character, but also as to amount when the facts are within the defendant's knowledge. " The importance of the observance of this rule is made the greater since the passage of legislation permitting the plaintiff to take judgment for such part of his claim as is not denied by affidavit of defense to be due: " Anderson v. Williams, 10 Pa. Superior Ct. 329. See also Close v. Hancock, 3 Pa. Superior Ct. 207, Slag Works v. Krause, 5 Pa. Superior Ct. 622, Loeser v. Erie City Warehouse, 10 Pa. Superior Ct. 540, and Gausler v. Bridges, 13 Pa. Superior Ct. 646. This principle is applicable here inasmuch as the defendant does not allege that the machine is worthless or that it offered to return it. The court gave the defendant opportunity to file a supplemental affidavit, therefore it is not in position to ask for a relaxation of the rule.

Judgment affirmed.