## Snyder, Appellant, *v.* Lingo.

*Practice, C. P.—Affidavit of defense—Contract—Sale.*

In an action to recover the price of a machine, affidavits of defense are insufficient to prevent judgment which admit that the machine was used for three years, but aver certain defects, and that there was a suit against defendant for infringement of patents as to which plaintiff was bound to protect defendant, but fails to show what amount defendant is entitled to deduct from the contract price by reason of such defects or such suit.

In an action for the price of a machine the defendant cannot set off damages alleged to have occurred from the construction by plaintiff of another machine for a third party by the use of a device patented by the defendant. Such damages sound in tort and cannot be set off in an action of assumpsit.

Argued Oct. 18, 1905. Appeal, No. 191, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1905,

652                SNYDER, Appellant, *v.* LINGO.

Statement of Facts—Opinion of the Court. [30 Pa. Superior Ct.

No. 3519, discharging rule for judgment for want of a sufficient affidavit of defense in case of Walter Snyder v. John Lingo. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, and HENDERSON, JJ. Reversed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*John W. Best*, for appellant, cited : Frankenfield v. Freyman, 13 Pa. 56 ; Dailey v. Green, 15 Pa. 118 ; Buffington v. Quantin, 17 Pa. 310 ; Port Kennedy Slag Works v. Krause, 5 Pa. Superior Ct. 622 ; Lord v. Ocean Bank, 20 Pa. 384 ; 3 Robinson on Patents, sec. 931 ; Schillinger v. United States, 155 U. S. 163 (15 Sup. Ct. Repr. 85) ; Preston v. Finney, 2 W. & S. 53 ; Gould v. Gage, 118 Pa. 559.

*Francis G. Gallayher*, for appellee, cited : Hartman v. Meighan, 171 Pa. 46.

OPINION BY MORRISON, J., March 12, 1906 :

This was an action of assumpsit brought to collect the balance due on a written contract for machinery, furnished and set up by the plaintiff in the defendant's place of business. The errors assigned are to the action of the court in refusing judgment for want of a sufficient affidavit of defense.

The plaintiff's statement avers an agreement of October 30, 1901, to erect for the defendant a certain laundry dryer and an automatic shirt, collar and cuff dryer for the price of $825, and admits a payment on account of $340, leaving a balance of $485, with interest, still due upon the contract. The statement further avers that on November 29, 1901, the machines were delivered to the defendant and in all respects completed in accordance with the contract. The written specifications contained the following : " I also guarantee to save the said John Lingo harmless from any suit for infringement, also any damages that he may sustain by the use of this machine."

The affidavit of defense does not deny that the defendant received the machines and retained and used them for about

three years prior to the commencement of this suit.  The affidavit does allege some defects and deficiencies in the machines, and that they were never completed in accordance with the contract, but it fails to sufficiently state the damages caused by the alleged defects.  In other words, it does not liquidate the damages with sufficient accuracy to make them available as a defense.  The affidavit further avers an infringement of the patent of Barnes and Erb, and that the defendant had been sued for said infringement, and the said suit is still pending and undetermined, and the defendant is unable to state what further damages he may suffer by reason of said suit for the infringement of the patent by the plaintiff in furnishing the same to the defendant in the machines heretofore mentioned.  It is plain that this affidavit is evasive and defective, and confessedly it is insufficient to prevent judgment.

The defendant then filed a supplemental affidavit of defense, and in some respects it is contradictory of the first affidavit. In the supplemental affidavit the defendant sets forth some deficiencies in the machines, but he fails again to liquidate the actual damages sustained with any degree of accuracy.  It is true that he does aver " that he has been put to great expense, and has suffered damages to the extent of more than $500, and that the said machine is still uncompleted and unsatisfactory in spite of the efforts of defendant, at great expense, to complete the same for his own use."  This averment is bad because it does not state with reasonable accuracy the amount of expense which he has paid, nor does it show how he arrives at the damages of more than $500.

He next avers that he has never accepted the said machine from the plaintiff, but this is flatly contradictory of the first affidavit, because it shows that the defendant had furnished another device and had been using the machine for years.  The affidavits of defense further aver that the plaintiff used in the construction of another machine for a third party a device patented by the defendant, whereby the defendant is damaged to the extent of $300.  But this item sounds in tort and it cannot be used as a set-off in an action of assumpsit : " An action against the United States for damages for the wrongful use of a patent is an action for a tort and is not within the jurisdiction of the court of claims : " Schillinger et al. v. United

States, 155 U. S. 163 (15 Supr. Ct. Repr. 85), 3 Robinson on Patents, sec. 931.

Assuming the truth of the allegation that the plaintiff wrongfully used the defendant's patent device and thereby damaged the latter to the amount of $300, we are of the opinion that it cannot be used as a defense or set-off to the plaintiff's action of assumpsit. The plaintiff has no money or securities in his possession received for goods or property belonging to the defendant, which plaintiff tortiously took and disposed of. And, therefore, defendant cannot waive the tort and sue in assumpsit: Boyer v. Bullard et al., 102 Pa. 555. If the defendant is injured by the plaintiff using his device or idea, his remedy is an action in tort.

In so far as the affidavit claims damages on account of the infringement of the patent of Barnes and Erb, there is no amount of damages liquidated, and the written contract between the parties seems to have contemplated that the defendant would purchase and pay for the machines and rely on the guaranty hereinbefore quoted. Counsel for plaintiff contends that the defendant could not retain the machinery and make defense against the payment of the full contract price. His contention is that the defendant must either rescind the contract and return the machinery or pay the full contract price. In support of this position he cites Frankenfield v. Freyman, 13 Pa. 56, and Buffington v. Quantin, 17 Pa. 310. But these authorities do not sustain this position. They clearly recognize the right of the defendant to rescind the contract and return the goods, or he may retain the same and claim a deduction on account of the defects or deficiencies. The authorities cited by the counsel for the plaintiff are in harmony with the established law in Pennsylvania that where a party purchases goods or material on an executory contract, which contains or implies a warranty, and the vendor fails to comply with the contract in a substantial degree, the vendee may refuse to receive the goods and rescind the contract ; or he may, if he chooses, act as upon a substantial compliance with the contract by the vendor, and set up in defense against the purchase price the damages sustained. In other words, in the latter case the vendor can only recover the contract price, less the damages sustained by the vendee on account of the vendor's

failure to entirely complete the contract.   In the present case, under the contract, there is an implied warranty that the machinery would be furnished and set up in the defendant's place of business in accordance with the written specifications contained in the contract : Dailey v. Green, 15 Pa. 118.

The contract is executory, and in such case the seller warrants that the article shall be of the kind ordered and merchantable in quality : Wilson v. Belles, 22 Pa. Superior Ct. 477.

There is no difficulty about the law in questions of the present character.   The defendant's trouble is that after refusing for three years to pay for the machinery, he is unable to state or liquidate the damages, which he seeks to interpose as a defense, with such reasonable certainty as the law requires.   To say the least, the affidavit of defense and the supplementary one are not consistent.   In the first affidavit there was no denial that the defendant received both of the machines and used them for years, but the second affidavit undertakes to deny receiving one of the machines, although it is apparent that the defendant had used it about three years.   We think the defendant has subjected himself to the criticism in Port Kennedy Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622.

It seems that the defendant received both machines and kept and used them, one machine just as received, and changed and used the other one, therefore there was substantial performance of the plaintiff's contract : Preston v. Finney, 2 W. & S. 53. As was said in Gould v. Gage, 118 Pa. 559 : " As the defendants kept the goods, and did not return them, it was immaterial whether they were fit for his particular trade or not, or what they were worth to him ; he should state their value in the market, with reasonable accuracy, and liquidate his damages accordingly."

What we decide in the present case is, not that the defendant could not retain the machines and defend against the purchase money to the extent of the defects, but that he has failed in his affidavit of defense to show that he is entitled to a deduction of any definite amount from the contract price.   See Carnahan Stamping, etc., Co. v. Foley, 23 Pa. Superior Ct. 643 ; Gausler v. Bridges, 13 Pa. Superior Ct. 646, and Sweigard v. Ice Co., 15 Pa. Superior Ct. 285.

The assignments of error are sustained and the order of the court is reversed, and it is further ordered that unless other legal or equitable ground be shown to the contrary, judgment must be granted in favor of the plaintiff for the amount of his claim.