# National Metal Edge Box Company, Appellant, v. American Metal Edge Box Company.

*Affidavit of defense—Sufficiency—Contracts—Implied contract —Lis Pendens—State and Federal Courts—Judgment for plaintiff.*

1. The mere pendency of a suit upon a claim will not prevent the same claim from being used as a set-off in another action, and vice versa, the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court in a direct action upon the same claim.

2. A statement of claim alleged that defendant was a corporation engaged in the business of punching flat wire to make it available as metal strips for the edges of strawboard boxes; that plaintiff had delivered wire to defendant to be punched, which defendant agreed to punch and return immediately thereafter to plaintiff for a certain price; that defendant punched the wire, but in violation of its agreement, sold the same and received sums aggregating $2,071.83 in payment therefor, which was the reasonable market

price thereof; that defendant stated that it would pay plaintiff said sum or would return the exact quantity of wire to plaintiff which plaintiff had delivered to defendant, but that defendant had done neither; that defendant received said sum for the use of plaintiff and was bound to pay said sum to plaintiff but refused so to do. The affidavit of defense failed either to admit or deny many averments of the statement and alleged that the statement of claim was defective, because it did not state whether the contract was oral, written or implied, as required by a rule of court, although it appeared from facts averred that it was implied; and that there was pending a suit in equity to enjoin plaintiff's alleged infringement of a patent instituted by defendant in a Federal Court wherein plaintiff claimed damages for the conversion of such wire by way of set-off which was a bar to the action. The lower court discharged a rule for judgment for want of a sufficient affidavit of defense without filing an opinion so that it did not appear that the court based its action upon a construction of its own rule. *Held,* that the affidavit of defense was insufficient, and judgment should have been entered for the plaintiff.

Argued April 1, 1914. Appeal, No. 104, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1913, No. 1777, for defendant, discharging rule for judgment for want of a sufficient affidavit of defense in case of National Metal Edge Box Company v. American Metal Edge Box Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on an implied contract.

Rule for judgment for want of a sufficient affidavit of defense. Before McMICHAEL, P. J.

Rule 45 of the Rules of the Courts of Common Pleas of Philadelphia County was as follows:

"In actions on contracts, the plaintiff shall state whether the contract was oral, written or implied; if oral, he shall state its terms; if written, he shall attach a copy; if implied, he shall state the facts from which it is to be implied."

The opinion of the Supreme Court states the facts.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.  Plaintiff appealed.

*Error assigned* was in discharging the rule.

*Horace Stern* and *Morris Wolf* filed a paper book for appellant.

*Charles H. Burr,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This is an appeal from the refusal of the court below to enter judgment for plaintiff, for want of a sufficient affidavit of defense.  The docket entries are not printed, but it is stated that the action is in assumpsit.  In the statement of claim, it is averred that plaintiff is a corporation engaged in the manufacture of straw board boxes bound with metal edges, and defendant is a corporation engaged in the business of punching flat wire and thereby making it available as metal strips; that at various dates in 1911 plaintiff bought, paid for, and caused to be delivered to defendant at its factory in Montrose, Pa., flat wire to the amount of 24,009 pounds; that plaintiff delivered the wire to defendant solely for the purpose of being punched and made available as metal strips for plaintiff, and that defendant agreed to punch the same and immediately thereafter to return it to plaintiff so punched, for a certain price, which plaintiff agreed to pay; that defendant punched the wire, but in violation of its agreement, failed to return any part of it to plaintiff, but sold and delivered it to various persons, and received in payment various sums of money, aggregating at least $2,071.83, which was a fair and reasonable market price for the wire; that plaintiff protested against defendant's action in the premises, and defendant stated that it would pay the plaintiff the exact cost of the wire, which was $2,071.83, or else would order similar metal wire, and return the exact quantity to

plaintiff, but it has done neither; that defendant received the said sum of $2,071.83 to and for the use of plaintiff and was bound to pay the said sum, but has refused to do so. The averments set forth in the statement of claim are plain and specific, and they called for statements equally plain and specific in the affidavit of defense. Instead of being such, the averments of the affidavit of defense are for the most part evasive. Many of the averments of the affidavit of claim, are neither admitted nor denied in the affidavit of defense. This is not sufficient. It is also suggested in the affidavit of defense, that paragraph three of the statement of claim does not call for a reply, because it does not state whether the contract or agreement referred to was oral, or was written, or was simply an implied contract. This suggestion is without merit. An examination of the statement of claim, shows that in the third paragraph, the agreement of defendant to punch the wire, and after so doing, to return it to the plaintiff, for a certain price, is set forth as matter of inducement. In paragraph six, it is averred that the defendant received the sum of $2,071.83 for the use of the plaintiff, and became bound to pay that sum to the plaintiff when so requested; but that defendant has refused to pay the same, or any part of it. This was plainly the setting forth of an implied contract to pay over money alleged to have been had and received by defendant for the use of plaintiff. No other fair construction can be placed upon the language used. The facts relied upon to establish the contract are fully set forth, and while the word "implied" is not used, yet no other form of contract can be fairly inferred from the language used. The facts which are the basis of plaintiff's claim to recover are sufficiently set forth in the statement.

It is suggested by counsel for appellee, that the court below is the best judge of its own rules; that principle is, of course, recognized and accepted, but there is nothing in this record to show that the court below, under-

took in any way to construe the rule in question. No opinion is filed, and it does not appear upon what ground the rule for judgment was discharged. We have examined the record in vain, for any reason which seems to afford sufficient ground, for the action of the court below. In the affidavit of defense, a further attempt is made to set up as a defense to this action, the fact that prior to the institution of this suit, the defendant here filed against the present plaintiff, in the District Court of the United States, a bill in equity to enjoin it, the National Metal Edge Box Company, from infringing upon certain letters patent of the United States, belonging to defendant herein, and for the collection of damages therefor. It is further averred that the present plaintiff in its answer filed in the suit in the United States District Court, set up substantially the same claim as that upon which the present suit is founded, viz: that it had furnished metal to be punched into strips, the value of which metal had not been accounted for, by the American Metal Edge Box Company. It is admitted, however, that the suit in the United States District Court is pending and nothing as to the merits of the question involved has there been determined. The claim in the Federal Court is for a tort, and is for unliquidated damages. The mere fact that the claim which is the basis upon which the present suit was brought, may be incidentally raised in another action in another court, is no reason why the present case should not proceed to judgment, in its regular course. As a matter of fact, however, an examination of the record of the two cases, as the causes of action are set forth in the pleadings, shows that they are entirely different. The cause of action in the Federal Court is an alleged infringement by the appellant, of the appellee's patent. The cause of action in this case, is the conversion of property of the appellant by the appellee, which action was accepted by the appellant, and upon which is based the claim of the appellant to recover the price realized for the property which was appropriated and sold by

appellee. The adjudication of the case in the Federal Court, will result only in determining whether or not appellant has infringed appellee's patent, and if it has infringed, in the award of damages. It should also be noticed that the present suit is based upon a claim for the breach of a contract, while the suit in the Federal Court is based upon a tort. In any event, the plaintiff in this suit has not yet received any credit in the suit in the Federal Court for the value of the metal in question, and the defendant has not there been charged with the amount, so the reason suggested for not accounting here, is not a valid one. Defendant incurs no risk of a double liability in the matter.

We agree with the contention of counsel for appellant, that the claim of "set-off" made in the suit in the Federal Court, cannot in any proper sense be regarded as a bar to the maintenance by the plaintiff of its claim in the present action; the numerous authorities which they cite in support of their argument fully sustain their position. See Filbert v. Hawk, 8 Watts 443; Stroh v. Uhrich, 1 W. & S. 57; Russell v. Miller, 54 Pa. 154; Gilmore v. Reed, 76 Pa. 462; Somerset Colliery Co. v. John, 219 Pa. 380; Cochran v. Cutter, 18 Pa. Superior Ct. 282; Snyder v. Lingo, 30 Pa. Superior Ct. 651. Counsel for appellee cite the case of Penna. R. R. Co. v. Davenport, 154 Pa. 111, as authority for the contrary view. That decision is not to be extended in any way beyond its own specific facts. It cannot be held to overrule the sound principle, supported by abundant authority, that the mere pendency of a suit upon a claim, will not prevent the same claim from being used as a set-off in another action; or vice versa, that the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court, in a direct action upon the same claim.

The assignments of error are sustained, the action of the court below in discharging the rule for judgment, is reversed, and judgment is here entered for plaintiff in the sum of $2,071.83, with interest from December 1, 1911.