## Elzea *v.* Brown, Appellant.

*Affidavit of defense—Supplemental affidavit—Contradictory statements —Practice, C. P.*

1. It seems that where a supplemental affidavit of defense contradicts the averments of the original affidavit in matters essential to a valid defense and no explanation whatever is given as to the change in the aver-

ment, judgment will be entered for the plaintiff for want of a sufficient affidavit of defense.

*Contract—Sale—Retention of part of goods—Rescission.*

2. Where a purchaser of eggs claims that the eggs were to be delivered in a first class condition in the city in which he did business, and avers that they were not delivered in such condition, he may retain the eggs and claim a deduction by reason of their inferior quality, or reject them and attempt to rescind the contract. If he does neither, but retains a portion of them and ships the remainder back to the vendor, he will be bound to pay the contract price of all the eggs.

Submitted Oct. 23, 1914. Appeal, No. 179, Oct. T., 1914, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1913, No. 544, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William W. Elzea v. Herbert H. Brown, trading as P. F. Brown & Company. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Assumpsit for eggs sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The defendant filed two affidavits of defense. In the first affidavit he averred, inter alia, as follows:

3. Paragraph No. 2 of plaintiff's statement admitted so far as it relates to the oral agreement made between plaintiff and defendant's agent, but defendant avers that the price agreed upon for the said eggs was the sum of nineteen and one-quarter cents per dozen f. o. b. New York, with the express understanding and representation by the plaintiff that the eggs were to be delivered to defendant in first-class condition.

The supplemental affidavit was in part as follows:

I admit the second paragraph of the plaintiff's statement of claim to be correct so far as it relates to the oral agreement made between the plaintiff and my agent in New York, but I aver, believe and expect to be able to prove on the trial of the case that the price agreed upon for the said eggs was the sum of nineteen and one-

quarter cents per dozen, and deny that the same was f. o. b. New York, and aver that at the time the eggs were purchased there was a distinct, oral understanding and agreement, and the inducing cause for my agent entering into said contract and made contemporaneous with the execution of the said agreement with the said plaintiff was that the eggs were to be delivered to me in first-class condition in the city of Philadelphia in accordance with the egg law of the state of Pennsylvania, and were not injurious or deleterious to health, and I aver, believe and expect to be able to prove on the trial of the case that the said eggs were not delivered and shipped by the plaintiff to me in first-class order and condition.

I admit that the plaintiff shipped to me on or about July 7, 1913, 400 cases as averred in the third paragraph of the plaintiff's statement of claim, and I aver, believe and expect to be able to prove on the trial of the case that the said eggs were shipped to me in accordance with the oral contract entered into between the plaintiff and my agent in the city of New York, as hereinbefore set forth; but I deny that the sum of $1.49 would cover the losses sustained by me through the said eggs being damaged in transit, and I aver that immediately upon receipt of the aforesaid shipment of eggs, the said eggs were sampled and they were found unfit for use and in violation of the terms of the oral contract entered into between the plaintiff and my agent as aforesaid, and in violation of the egg law of the state of Pennsylvania in that they were unwholesome and unfit for food.

I am without knowledge as to the averments contained in paragraph five of the plaintiff's statement of claim, but I deny that the said plaintiff received instructions from me to sell on my account certain cases of eggs as mentioned in the plaintiff's statement of claim, and I aver that I returned to the plaintiff the balance of the said car of eggs, which were found to be

unfit for use, after retaining about sixty cases, which said sixty cases of eggs likewise proved to be damaged to the extent of twelve dozen per case, and were unfit for use and in violation of the express oral contract hereinbefore referred to.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John P. Connelly*, for appellant.

*James S. Rogers*, for appellee.

OPINION BY TREXLER, J., March 11, 1915:

The original affidavit of defense filed in this case admits the allegation contained in the second paragraph of plaintiff's statement; namely, that the price agreed upon for the eggs was the sum of 19¼ cents per dozen f. o. b. New York, but avers that the contract was made with the express understanding that the eggs were to be delivered to defendant in first-class condition. The supplemental affidavit of defense denies that the eggs were sold f. o. b. New York, but asserts that they were to be delivered in first-class condition in the city of Philadelphia. If the place of delivery was f. o. b. New York, of course, the condition of the eggs would have to be determined as of that place, and if Philadelphia, their condition on their arrival at Philadelphia would determine. These two allegations are directly contradictory, and in the opinion of the writer the court might have entered judgment for the plaintiff on that ground alone.

The fifth averment of the plaintiff's statement is "Thereafter the defendant returned to the plaintiff 337 cases of said eggs, which the plaintiff, under oral agreement and instructions from the defendant, sold for account of the defendant." The answer to this in the original affidavit is that the defendant is without knowledge and demands proof as to the averment contained

in said paragraph, but admits the return by the defendant of the balance of the eggs. In the supplemental affidavit the defendant specifically denies that he ever sent any instruction to plaintiff to sell the eggs.

The answer, in the first affidavit, was tantamount to an admission of the fact alleged by the plaintiff. How could defendant require proof of plaintiff that such instructions had been given? He certainly knew whether he had given them or not and in the supplemental affidavit expressly denies having given such instructions. When a defendant puts in an affidavit a certain matter of defense, and the plaintiff then, upon motion for judgment, states his grounds for his motion, it is certainly going pretty far to allow a supplemental affidavit in which the defendant ignores his first affidavit and in contradiction of it alleges a new defense in order to meet the objection urged by the plaintiff. It will be observed in filing his supplemental affidavit the defendant offers no explanation of his contradictory statements. We can easily imagine that a defendant might honestly swear to an allegation which he afterwards finds is not correct. In such cases it would seem that when he subsequently changes his position he should afford some explanation as to why he has assumed a different attitude in regard to the question. "An affidavit of defense must not be self-contradictory. It is argued that an original and a supplemental affidavit of defense are to be construed as one affidavit, and, therefore, when, without explanation, the supplemental affidavit contradicts the averments of the original in matters essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment. This may be conceded as a general proposition." Penrose v. Caldwell, 29 Pa. Superior Ct. 550. If, however, as was done in The Port Kennedy Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622, we regard the second affidavit as presenting the whole of the defense, we think it was insufficient.

When the eggs arrived at the city of Philadelphia two courses were open to the defendant. He might retain the merchandise and claim a deduction by reason of the inferior quality, or reject it and attempt to rescind the contract. He did neither. He exercised ownership over the eggs, retained sixty dozen, and the remainder he shipped back to New York. As was said in Estes v. Kauffman, 44 Pa. Superior Ct. 114, quoting Buffington v. Quantin, 17 Pa. 310, "A vendee who receives a thing into his possession before he has become acquainted with its qualities, has, if dissatisfied, but one of two courses to pursue: either to retain it and claim a deduction, or reject it and attempt to rescind the contract. In pursuing the latter, he has no contract to enforce. His game is to get rid of the bargain, by rejecting the vendor's performance of his part of it. To this end it is necessary that he exercise no act of ownership, or give the property no direction but what is necessary to send it in specie to the vendor." See Frankenfield v. Freyman, 13 Pa. 56; Snyder v. Lingo, 30 Pa. Superior Ct. 651.

In order to assert a rescission of the contract he is required to place the goods at the disposal of the plaintiff absolutely and without qualification. He could not rescind the contract and at the same time assert dominion over the goods. The defendant was therefore legally liable to pay for the goods at the contract price. He was bound to keep all the eggs or put them at plaintiff's disposal by a rescission of the contract. He could not retain some and return some. Nothing in the contract of the parties authorized any such act on his part. The rescission must be of the entire contract. The reason for the rule is that upon the rescission of a contract the party rescinding must restore or offer to restore everything of value that he has received under the contract, to the end that the other party may be put in statu quo. Upon the same principle that requires a restoration of the status quo by the party asking redress, is based the

rule that the rescission must be of the entire contract: 24 Am. & Eng. Ency. of Law (2d ed.), page 645, and cases cited in the notes; Beetem's Administrators v. Burkholder, 69 Pa. 249; Fowler v. Meadow Brook Water Co., 208 Pa. 473.

The defendant's affidavits do not disclose a valid defense.

The judgment is affirmed.