# Fairbanks, Morse and Company v. Paul E. Flotron Co., Appellant.

*Sales—Sales of goods—Sales Act—Affidavit of defense—Insufficiency—Breach of warranty—Accord and satisfaction.*

In an action of assumpsit for the purchase price of goods sold and delivered, an affidavit of defense is insufficient which averred that the goods did not fulfill the purpose for which they were ordered, but which neither averred that the defendant offered to return the goods, nor that there was a breach of warranty.

When the goods arrived and defendant found that some of them were not suitable for the purpose for which they were ordered, it could reject such goods and attempt to rescind the contract. But when it retained such goods after it was acquainted with them and exercised ownership over them, it became liable for the contract price.

In such an action the mere averment, in an affidavit of defense, that defendant forwarded to plaintiff a certain sum of money, as full settlement of the transaction, and that plaintiff received the money, does not sufficiently set up an accord and satisfaction.

Argued November 12, 1925. Appeal No. 275, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, February T., 1925, No. 945, in the case of Fairbanks, Morse and Company vs. Paul E. Flotron Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover the purchase price of goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Defendant appealed.

*Error assigned* was the making absolute of plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*Edward O. Thomas,* for appellant.

*C. C. O'Brien,* and with him *G. Lawrence Pape, Albert S. Longbottom* and *Robert J. Byron,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

This is an action in assumpsit to recover the purchase price of certain motors, pumps and electrical equipment sold and delivered. Defendant filed an affidavit of defense asserting that it was not indebted to plaintiff in the amount claimed, or any other amount, because the merchandise delivered to it by

plaintiff was not of the kind and character ordered, but of an entirely different kind, and could not be used for the purpose for which it was ordered, and that because the merchandise was not of the kind ordered it was put to considerable trouble and expense for the purchase of such merchandise as was originally ordered from plaintiff. There was the further averment that defendant had forwarded to plaintiff the sum of $115.37, which was sent as a settlement of the transaction. After plaintiff took a rule for judgment for want of a sufficient affidavit of defense, a supplemental affidavit of defense was filed. This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense and a sufficient supplemental affidavit of defense. In the supplemental affidavit of defense defendant set up that one of the articles it ordered from plaintiff was a $2\frac{1}{2}$ horse power 1700 RPM motor, but that plaintiff delivered to it a motor of a different size and that, as a result thereof "brine could not be pumped to the third story of the building in which the plant in question was to be installed, as was fully explained to the plaintiff beforehand." There was an averment that the sum of $115.37, mentioned in the first affidavit of defense, was sent to plaintiff as a full settlement of the transaction involved in the suit, and that plaintiff kept the money.

The affidavits of defense are insufficient for several reasons. While it is averred that some of the merchandise delivered did not fulfill the purpose for which it was ordered, there is no averment that it was returned or that defendant offered to return it. When the goods arrived and defendant found that some of them were not suitable for the purpose for which they were ordered, it could reject such goods and attempt to rescind the contract. But when it retained such goods after it was acquainted with them and exercised owner-

ship over them, it became liable to pay for them, and the contract price is the measure of its liability unless it is entitled to a deduction by reason of a breach of warranty: Elzea v. Brown, 59 Pa. Superior Ct. 403, 408. No breach of warranty was averred. Defendant does not allege that the motor was not reasonably fit for the purpose for which defendant knew it was bought. Therefore, there was no sufficient allegation of the implied warranty mentioned in paragraph (1) of section 15 of the Sales Act of 1915, P. L. 543. Nor was there a sufficient averment of an accord and satisfaction to make a case for a jury. According to familiar decisions, the mere averment that defendant forwarded to plaintiff the sum of $115.37 as a full settlement of the transaction, which is the subject matter of this suit, and that plaintiff got the money, does not sufficiently set up an accord and satisfaction. As there is no averment as to when this money was paid or how it was sent, it does not even amount to a proper allegation of a payment on account of the contract in suit. For these reasons the affidavits of defense wholly failed to disclose a valid defense.

The judgment is affirmed.