# Jacob, Appellant, *v.* Coray.

*Appeals—New trial—Evidence.*

On an appeal from the refusal of the trial court to grant a new trial, the action of the lower court will be affirmed, where the appellate court is of the opinion that the evidence was sufficient to sustain a verdict.

*Practice—Framing of issue—Departure from established rules of procedure—Failure to make error subject of assignment—Effect— Issue to determine payment of note.*

Where in an issue to determine whether a note on which judgment had been entered by confession had been paid, the parties framed an issue which permitted the defendant to ask for and receive more than a discharge from the judgment, the appellate court, on appeal, will not reverse in the absence of the violation of an express statutory provision or recognized public policy, unless the order of the court below framing the issue had been made the subject of an assignment of error.

Where the record of a case shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, it is to be assumed that the departure was made by and with mutual consent.

Argued April 27, 1926.   Appeal No. 97, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, October T., 1921, D. S. B. No. 960, in the case of Alex Jacob, alias Alexander Jacob, v. Philip H. Corey, alias Philip H. Coray.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Feigned issue to determine whether a note on which judgment had been entered by confession had been paid. Before DOUGLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant. Plaintiff appealed.

*Error assigned,* was the refusal of a new trial.

*Paul A. Stuart,* for appellant.

*Sidney J. Watts,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1926:

The plaintiff appeals from a judgment on a verdict for the defendant in an issue to determine whether a note on which judgment had been entered by confession had been paid. The single assignment of error presents the question whether the refusal of a new trial by the court below was a manifest abuse of judicial discretion, calling for correction. The learned counsel for appellant has made an elaborate analysis of the testimony in an effort to convince us that the defendant did not meet the burden of establishing payment of the note. The evidence of payment is not substantially different from that upon which we directed that the judgment be opened when the case was here on an appeal from the refusal to open the judgment. See Jacob v. Corey, 83 Pa. Superior Court 605. At that time we expressed the opinion that the evidence was sufficient to sustain a verdict for the defendant. A careful examination of the evidence in this record brings us to the same conclusion. Therefore, it was not error to refuse to grant a new trial.

The appellant makes another complaint, which is not based upon any assignment of error. When the court below granted to the defendant the rule on the plaintiff to show cause why the judgment should not be

opened, it ordered and directed that an attachment execution, which had been issued on the judgment, naming the Pittsburgh State Bank as garnishee, should be stayed, and that the garnishee withhold payment of any moneys in its hands belonging to the defendant. At the time of the service of notice of this order upon the plaintiff judgment had been taken against the garnishee and the latter had issued its cashier's check to the counsel for the plaintiff. Whereupon, it was agreed between the then counsel for the defendant and the present counsel for the appellant that the amount of said check should be held in escrow by counsel for the appellant pending the final determination of the proceeding. The order framing the issue to try the question whether the note had been paid in whole or in part, contained also the following: "And it further appearing to the court that the plaintiff in this case, by means of a writ of execution attachment issued to No. 2542, October Term, 1921, recovered from defendant on the 5th day of December, 1921, the sum of $722 and the additional sum of $22.25, costs, it is further ordered that if, upon the trial of said issue, it shall be found that plaintiff was entitled to recover on December 5, 1921, less than the sum collected by him as aforesaid on said date, then a verdict may be rendered in favor of defendant and against plaintiff for the amount collected by plaintiff as aforesaid in excess of the amount to which he was rightfully entitled, with interest." It is urged upon us that it was fundamental error for the court below to frame an issue which could lead to the finding of a money verdict in favor of the defendant, that the only proper issue in this case was the amount due upon the judgment, if any, and that the only possible verdict, if the jury believed that the defendant had paid the note, was a general verdict in favor of the defendant. Granting that the order for the issue was too broad and that the only proper issue was the amount due upon the judgment (Guthrie v.

Reed, 107 Pa. 251), no reason requiring a reversal is presented.  The plaintiff took no exception to the form of the order of the court below framing the issues. Without making any objection, he tried the case upon the issues as made up and the trial judge submitted the case to the jury in exact accord with the theory upon which the parties had presented it.  Where the record of a case shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, it is to be assumed that the departure was made by and with mutual consent:  Canole v. Allen, 222 Pa. 156, 158.  The contention under consideration seems to have been raised for the first time in this court.  It was not set up as a reason for a new trial. A careful examination of the record compels the conclusion that the issues were framed and the case was tried by and with mutual consent of the parties.  As the departure from established rules of procedure violated no recognized public policy or express statutory provisions, the error in the framing of an issue which permitted the defendant to ask for and receive more than a discharge from the judgment is not so fundamental as to require a reversal in the absence of its having been made the subject of an assignment of error.

The judgment is affirmed.