## Kaye v. Penn Aluminum Construction Company

*H. P. Creveling* and *W. C. Creveling*, for plaintiff.
*Muidlin & Sigmon*, for defendant.

HENNINGER, P. J., December 6, 1954.—Plaintiff in this action is suing defendant for additional commissions which he alleged are due and which he failed to receive because of defendant's fraudulent accounting to him.

Defendant has filed preliminary objections (1) that there is another suit pending for the same amount; (2) that the claim is insufficiently pleaded, and (3) no allegation whether contract oral or in writing.

Plaintiff concedes the third point, which will be sustained and plaintiffs will be ordered to amend so as to comply with Pennsylvania R. C. P. 1019(*h*).

We see no merit in defendant's objection to plaintiff's statement of his claim. It is true that a stranger

---

[1] EDITOR'S NOTE.—Affirmed 177 Pa. Superior Ct. 82.

might find difficulty in interpreting the allegations, but it is clear that plaintiff is charging defendant with having falsified the expense of fulfilling the contracts secured by plaintiff, thus decreasing the profit in which plaintiff was to share. The records are in defendant's possession and it knows what the credits there should have been and whether or not that corresponds with the credits actually given.

The first objection raises the highly technical question whether this suit is barred by the use of this claim as a set-off to a judgment note of $300 on which judgment has been entered against plaintiff to January term, 1952, no. 695, and upon which proceedings are pending to open the judgment.

The proceedings in January term, 1952, no. 695, were incorporated into defendant's preliminary objections by reference and we have examined those pleadings.

An examination of those pleadings reveals these two paragraphs, inter alia, in Kaye's petition to open the judgment:

"7. That the said note was paid in full by the defendant and that there is presently due and owing to the plaintiff moneys in excess of all drawing account and commissions paid.

"8. That the defendant has demanded a complete statement of account and the plaintiff herein has failed to do so."

It is true that this defendant filed an answer to the petition to open containing what purported to be a detailed accounting, which would show that the $300 note represented an overdraft in excess of that amount. The answer, however, does not contain a notice to plead, leaving the issue at that point whether or not on the date of the entry of judgment Kaye was indebted to Penn Aluminum Construction Company in the amount of $300.

Since Kaye did not assume to assert his counterclaim excepting as a set-off to the judgment note, we need decide only whether he was bound to assert his counterclaim in the former action.

Anderson, in his Pennsylvania Civil Practice, vol. 2, page 466, emphasizes the word "may" in Pa. R. C. P. 1031 which provides for the assertion of a counterclaim. The Procedural Rules Service of Goodrich-Amram Standard Pa. Practice (Rule 1031(b)-1) concurs and as might be expected, to the same effect is 4 Standard Pa. Practice 443. It is clear, therefore, that this plaintiff was not compelled to assert his counterclaim in the proceeding to open the judgment.

It is equally clear that even if his set-off were interpreted as the assertion of a counterclaim, he would not be barred from beginning the present action on the same claim.

Defendant has cited from the syllabus of Pennsylvania Railroad Co. v. Davenport, 154 Pa. 111, a holding that it is a good defense to a claim that the same claim was used as a set-off in another case between the same parties. We note, however, that the case was held strictly to its own facts in National Metal Edge Box Company v. American Metal Edge Box Co, 246 Pa. 78, where the court stated (p. 83):

"We agree with the contention of counsel for appellant, that the claim of 'set-off' made in the suit in the Federal Court, cannot in any proper sense be regarded as a bar to the maintenance by the plaintiff of its claim in the present action; the numerous authorities which they cite in support of their argument fully sustain their position. See Filbert v. Hawk, 8 Watts 443; Stroh v. Uhrich, 1 W. & S. 57; Russell v. Miller, 54 Pa. 154; Gilmore v. Reed, 76 Pa. 462; Somerset Colliery Co. v. John, 219 Pa. 380; Cochran v. Cutter, 18 Pa. Superior Ct. 282; Snyder v. Lingo, 30 Pa. Superior Ct. 651. Counsel for appellee cite the

case of Penna. R. R. Co. v. Davenport, 154 Pa. 111, as authority for the contrary view. That decision is not to be extended in any way beyond its own specific facts. It cannot be held to overrule the sound principle, supported by abundant authority, that the mere pendency of a suit upon a claim, will not prevent the same claim from being used as a set-off in another action; or vice versa, that the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court, in a direct action upon the same claim."

In our case, the actions have been brought before the same tribunal but it stands to reason that a person with a small claim shall not be permitted by rushing into court, to choose the forum in which his opponent shall be forced to litigate his larger counterclaim.

Besides the choice of a forum, a person making a counterclaim in another suit risks the possibility of a discontinuance or voluntary nonsuit by the party who has sued him, to his prejudice, and despite the broad language of Pa. R. C. P. 250 that its rules shall apply to all civil actions and proceedings at law and in equity, it has not yet been decided whether Pa. R. C. P. 232 (which provides that discontinuance or nonsuit shall not affect the right of defendant to proceed with a counterclaim theretofore filed) would apply to proceedings to open a judgment. It has heretofore been held (Severance v. Heyl & Patterson, 115 Pa. Superior Ct. 36, 45) that in proceedings to open judgment, the holder of a judgment may suffer a voluntary nonsuit, despite the interposition of a set-off by defendant and this despite the fact that the statute of limitations may have run on his set-off (McCredy v. Fey, 7 Watts 496, 500).

Nor need we decide whether present plaintiff could have recovered a certificate in his favor in the former

action. See Guthrie et al. v. Reid, 107 Pa. 251, 258; Jacob v. Coray, 88 Pa. Superior Ct. 507, 510.

Since, then, plaintiff was not compelled to assert his counterclaim in the pending action on the judgment note and in fact did not do so excepting to avoid payment of that judgment, the preliminary objection of "another action pending" is not well taken.

Now, December 6, 1954, defendant's preliminary objections nos. 1 to 6, inclusive, relative to pendency of another action between the parties, and nos. 7 to 12, inclusive, and no. 14, relating to the form of plaintiff's complaint are dismissed and preliminary objection no. 13 is sustained and it is ordered that plaintiff, within 30 days after service of this order upon his counsel, file an amended complaint stating whether or not his alleged contract was oral or in writing and that if in writing he attach a copy of the written agreement to the amended complaint. Plaintiff shall not be required to repeat in the amended complaint any paragraphs or exhibits contained in the original complaint.